ESTHER FRANCIS, Respondent, *v.* JACOB F. SCHOELLKOPF, Appellant.

One who has sustained damage, peculiar to himself, from a common nuisance, has a cause of action against the person erecting or maintaining the nuisance, although a like injury has been sustained by numerous others.

Where one maintains a nuisance upon his lands, which renders the premises of his neighbor disagreeable and uncomfortable, the proper measure of damages is the difference in the rental value, free from the effects of the nuisance, and subject to it.

Evidence that, in consequence of the number of persons employed in the business creating the nuisance, the commercial and rental value of the injured premises is enhanced, is not proper in reduction of damages.

Offensive matter, coming from defendant's tannery, when in his possession and control, was placed upon a vacant lot adjoining his premises,—*Held*, that the presumption was, it was placed there by him.

(Submitted June 4, 1873; decided June 10, 1873.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, affirming a judgment in favor of plaintiff, entered upon a verdict.

The action was brought to recover damages for an alleged nuisance.

The prominent facts appear sufficiently in the opinion.

*H. C. Day* for the appellant. It was error for the court to hold that plaintiff could recover if the jury found that the tannery was a common or public nuisance, and it decreased the rental value of her premises. (*Lansing* v. *Smith*, 8 Cow., 146, 156; *Dougherty* v. *Bunting*, 1 Sandf., 1; *Radcliff's Exrs.* v. *Mayor, etc.*, 4 Com., 195, 206; *Gould* v. *H. R. R. R. Co.*, 2 Seld., 542; *Davis* v. *Mayor, etc.*, 14 N. Y., 506,

528; *F. Plain Bridge Co.* v. *Smith*, 30 id., 44, 62; *O'Brien* v. *Norwich and W. R. R. Co.*, 17 Conn., 371; *Seeley* v. *Bishop*, 19 id., 128; *Clark* v. *Town of Saybrook*, 21 id., 313; *Proprs. Quincy Canal* v. *Newcomb*, 7 Metc., 276, 283; *Smith* v. *Boston*, 7 Cush., 254; *Willard* v. *Cambridge*, 3 Al., 574; *Ayers* v. *Lawrence Comrs.*, etc., 63 Barb., 454, 458.) Plaintiff could not recover damages, by reason of the nuisance, for the time her tenants occupied the premises. (Add. on Torts, 196; *Baxter* v. *Taylor*, 4 Barn. & Ad., 72; 24 E. C. L., 41; *Munford* v. *Oxford*, etc., *R. Co.*, 36 E. L. & E., 580.)

*N. Morey* for the respondent. Plaintiff's damages were private and particular in their character, and will sustain an action for damages upon a public nuisance. (3 Blk. Com., 217; *Brady* v. *Weeks*, 3 Barb., 157; *Catlin* v. *Valentine*, 9 Paige, 575; *Cropsey* v. *Murphy*, 1 Hilt., 126; *Peck* v. *Elder*, 3 Sandf., 126; *Stetson* v. *Faxon*, 19 Pick., 147; *McKeon* v. *See*, 4 Robt., 449–470; *Baker* v. *Moore*, cited 2 Bing. [N. C.], 281.) Any person may maintain an action for a private and particular injury, distinct from that of the public in general, from the commission of a public nuisance. (*Pierce* v. *Dart*, 7 Cow., 609; *Lansing* v. *Smith*, 4 Wend., 9–25; *Cropsey* v. *Murphy*, 1 Hilt., 126; *Wilkes* v. *Hungerford Market Co.*, 2 Bing. [N. C.], 281; *Rose* v. *Graves*, 5 Man. & Gr., 323; *Milhau* v. *Sharp*, 27 N. Y., 611, 625–627; *Myers* v. *Malcom*, 6 Hill, 292; Sedg. on Dam., 32, 141, 142; *Soltan* v. *Held*, 9 E. L. & Eq., 104; 1 Hil. on Torts, 554; *Chichester* v. *Lethridge*, Willes' R., 71–73; 3 Blk. Com., 219; Co. Litt., 56; *Pierce* v. *Dart*, 7 Cow., 609.) The stench from defendant's tannery was a private nuisance *per se*. (3 Blk. Com., 216; 2 Greenl. on Ev., §§ 465–467; *Catlin* v. *Valentine*, 9 Paige, 575; *Brady* v. *Weeks*, 3 Barb., 157; *Cropsey* v. *Murphy*, 1 Hilt., 126; *Peck* v. *Elder*, 3 Sandf., 126; *Howard* v. *Lee*, id., 281; *Milhau* v. *Sharp*, 27 N. Y., 611–626.)

GROVER, J. The motion for a nonsuit was properly denied. The plaintiff proved title to a lot in Buffalo, upon which were

situated two houses; that the defendant was in possession of a lot situate about seventy-five feet from her's, upon which he carried on the business of tanning and boiling putrid animal matter in such a way as to create nuisance and offensive smells to such a degree as to render the houses of the plaintiff nearly unfit for habitation, by means of which she was unable to rent one of her houses at all for a portion of the time, and for the residue was obliged to rent it for a less sum than she could have otherwise obtained therefor, and the one in which she and her family resided was made disagreeable and uncomfortable. The evidence showed that other houses in the vicinity were affected similar to those of the plaintiff. The ground of the motion was that as the stench injured a large number of houses, the nuisance was common, and therefore no one could maintain an action for his particular injury, the only remedy being an indictment for the common injury to the public. The error of this is obvious both upon principle and authority. The idea that if by a wrongful act a serious injury is inflicted upon a single individual a recovery may be had therefor against the wrong-doer, and that if by the same act numbers are so injured no recovery can be had by any one, is absurd. This, stripped of verbiage, is the ground of the motion. It is said that holding the defendant liable to respond in an action to each one injured will lead to a multiplicity of actions. This is true, but it is no defence to a wrong-doer when called upon to compensate for the damages sustained from his wrongful act to show that he by the same act inflicted the like injury upon numerous other persons. The position is unsustained by any authority. While in the application to particular cases there is some conflict, yet there is none whatever in the rule itself. That rule is that one erecting or maintaining a common nuisance is not liable to an action at the suit of one who has sustained no damage therefrom except such as is common to the entire community, yet he is liable at the suit of one who has sustained damage peculiar to himself. No matter how numerous the persons may be who have sustained this peculiar damage, each is entitled

to compensation for his injury.   When the injury is common to the public and special to none, redress must be sought by a criminal prosecution in behalf of all.   (*Pierce* v. *Dart*, 7 Cow., 609; *Lansing* v. *Smith*, 4 Wend., 9; *Milhau* v. *Sharp*, 27 N. Y., 611; *Soltau* v. *De Held*, 9 Eng. Law and Equity, 104.) The plaintiff was not permitted to recover for the injury done to the tenants while occupying the house.   Her recovery was limited to the rent for the time she could not rent at all in consequence of the nuisance and to the diminution of the rent while she succeeded in obtaining a tenant.

There was no error in the rule of damages laid down by the judge.   This was the difference of the rental value, free from the stench and subject to it.   There was no error in respect to the offensive matter upon the vacant lot adjoining the premises occupied by the defendant.   True, it was not directly proved that this was placed there by the defendant.   But it was proved that it came from his tannery, where it was in his possession and control; and in the absence of proof as to how it came upon the vacant lot, the presumption was that it was placed there by him.

The defendant makes no point upon the rejection of the evidence offered by him to the effect that since his tannery has been operated it has contributed to enhance the value of the plaintiff's premises and the rental value thereof.   I do not understand that by this it was intended to show that the stench was not produced as claimed by the plaintiff, but that, in consequence of the number of persons employed by the defendant in the business, the demand for dwellings in the vicinity was increased, thereby increasing the commercial and rental value of such property in the vicinity. So understood, the rejection was proper.

The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.