ELIZABETH G. CHIPMAN, APPELLANT, *v.* JOHN PALMER, RESPONDENT.

*Nuisance — pollution of stream — respective liability of several persons causing — Damages.*

This action was brought by the plaintiff, who kept a boarding-house near a small running stream, to recover the damages caused by the wrongful act of the defendant, in discharging the contents of a sewer leading from his boarding-house into the said stream. A number of other boarding-houses, situated upon the same stream, above that of the plaintiff, also had sewers which discharged into it. Upon the trial the court charged that the defendant was not liable beyond the extent of the wrong he himself had committed. *Held*, that this charge was correct.

The distinction between the degree of liability of each person contributing to the nuisance in the case above stated, and the cases in which each wrong-doer is liable to the full extent of the damages resulting from the acts of several persons, considered.

The true measure of damages in such a case is the difference in the rental value of the premises free from, and subject to the nuisance.

APPEAL from a judgment entered in favor of the defendant for the costs of this action.

This was an action to recover damages caused by a nuisance. The plaintiff, in 1874, kept a boarding-house, near which ran a small natural stream. The defendant kept a boarding-house higher up on the same stream, and about a mile and a-half distant, and the sewer from his house ran into this stream. He had not more than forty guests. A large number of other hotels and boarding-houses

also discharged their sewers into this stream, before it reached plaintiff's land. Those hotels and boarding-houses would accommodate 10,000 guests. The stream was made offensive, and the plaintiff claims that her business was injured.

The court charged the jury that they could not hold the defendant liable, beyond the extent of the wrong which he had himself done. That if sewers from private houses and large hotels had all contributed to produce the damage, the jury might apportion it, and that the rule of damages was the rental value. The plaintiff excepted to that part of the charge relating to damages. The jury rendered a verdict for the plaintiff for five dollars.

The plaintiff insisted that the action was for a tort committed by the defendant and others, and that the defendant was liable for all the damages. It was not claimed that the defendant's boarding-house had any connection with any of the others; and it was proved that this stream had been used as a common sewer for twenty-five years.

*Frisbie & Hulett*, for the appellant.

*Charles S. Lester*, for the respondent.

LEARNED, P. J.:

The exception is to that part of the charge relating to damages. This embraced two points; one the measure of damages, the other the proportion of the defendant's liability. If either was correct, the exception was too general. (*Groat* v. *Gile*, 51 N. Y., 431; *Walsh* v. *Kelly*, 40 id., 556.)

The rule of damages was correctly laid down. (*Francis* v. *Schoellkopp*, 53 N. Y., 152.)

This would seem fatal to the exception.

But I think the other part of the charge was correct. The plaintiff treats the nuisance as the result of a joint act of several persons, of whom the defendant is one. But it is not. It may be difficult to distinguish, in such a case, one part of the nuisance from the other. But yet it is evident that if the defendant's sewer made the stream offensive, it did so neither more nor less because other sewers did a similar injury. Indeed it is not difficult to suggest a case

where the impurity produced by the act of one person might be distinguished from that produced by the act of another. A manufactory, for instance, might discharge into such a stream substances which in odor and appearance might be distinguished from the discharge of a house sewer. Would there be any reason for holding the owner of the house liable for the damages occasioned by the manufactory?

The plaintiff cites several cases to support his views. They establish a familiar doctrine, but do not, I think, apply to this case. The cases are *Sheridan* v. *Brook. and N. R. R.* (36 N. Y., 39); *Chapman* v. *N. H. R. R.* (19 id., 341); *Colegrove* v. *Harlem R. R.* (20 id., 492); *Creed* v. *Hartmann* (29 id., 591). The doctrine is, that for a personal injury occasioned by the negligence of several persons, there is a separate as well as a joint liability, and the person injured may, at his option, sue one or all of the wrong doers.

But the case in 29 N. Y., 591 is a case of a joint act. The others are cases where the separate negligence of two parties combined to produce the injury. That is, the negligence of one would not have caused the injury had it not been for the negligence of the other.

Now, in the present case, if the defendant's sewer had run into one stream and had made it offensive to the plaintiff; and if the other persons referred to above had discharged their sewers into another stream, and had made that also offensive to the plaintiff, there would plainly be no joint liability, and no liability of the defendant except for his own acts. This rule would be the same if the two supposed streams ran side by side, with a very narrow bank between them. And it would still be the same if the two supposed streams at last united before they reached the plaintiff's premises.

The learned justice charged that the defendant was liable for the injury caused by his own act. There might be a case where two independent sewers emptied into a stream, and the nuisance produced by each was so great that, practically, the two did no more harm than each would do alone. I do not understand that the learned justice charged that, in such a case, each would be liable only for half the injury.

The case in question was quite different. It was really doubtful

whether the sewage from the defendant's house had any appreciable effect on the stream at that part where it was claimed to be offensive to the plaintiff. Many other sewers emptied into the stream at points nearer to the plaintiff; so that it was left for the jury to ascertain what part of the injury was caused by the defendant.

The doctrine that the defendant is not liable for the injury produced by the acts of others who drained into the stream is sustained by the case of *Wallace* v. *Drew* (59 Barb., 413), where several persons, acting independently, had obstructed a stream, and thus had injured the land of the plaintiff.

It is illustrated by cases where injuries have been done, at the same time, by domestic animals belonging to different owners. (*Van Steenburgh* v. *Tobias*, 17 Wend., 562; *Achmuty* v. *Ham*, 1 Den., 495; *Partenheimer* v. *Van Order*, 20 Barb., 479.) And it is laid down in the case of *Wood* v. *Sutliff*.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., and BOARDMAN, J.  BOCKES, J., taking no part.

Judgment affirmed, with costs.