Reynolds, J.
We think this case should have been submitted to the jury. It is unnecessary at this stage of the case to do more than simply indicate the grounds of our decision.
The question most fully discussed upon the argument was whether the city is wholly relieved from liability under the act of 1862.
That act was passed as an amendment to the original consolidation act of 1854, and the several acts amendatory thereof and supplemental thereto, or affecting the same. Section 39 provides that the city “ shall not be liable in damages for nonfeasance, or *407 misfeasance of the common council, or of any officer of the city and appointee of the common council, or any duty imposed upon them, or either of the provisions of titles 4 and 5 of this act, or of any duty enjoined upon them, or either of them, as officers of government by any provision of this act.” As the act of 1862 is an amendment of the act of 1854, it is to be considered as incorporated therein, and accordingly it has been held that the expression “this act” section 39, above quoted, applies to the original act as so amended. But we do not feel warranted in giving such a construction to those words as to make them apply to the act of 1857, under which the sewer in question was constructed. That was an independent act in relation to sewerage and drainage in the city of Brooklyn, and we do not see how it can be drawn into the act of 1854, as amended in 1862, so as to be called a part of that act. The exemption from liability is in derogation of the common law, and should not be extended beyond the natural interpretation of the language of the statute.
Whatever, therefore, may be the effect of the exemption contained in the act of 1873, the nonsuit was improperly granted, so far as it depends upon this ground of defense.
The chief judge seems to have based the dismissal mainly upon the ground, that plaintiff suffered only in common with others, and could not maintain a private action for damages. It is true that others may have suffered from the same cause, but so far as the plaintiff was deprived of the beneficial enjoyment of the premises occupied by himself or his tenants, he sustained damages peculiar to himself. The case of Francis v. Schoellkopf, 53 N. Y. 152, seems to cover this objection.
It is also claimed by the defendant’s counsel, that the action of the water board in devising this sewer, was of a judical nature, and that any error in their conclu *408 sions cannot be made the subject of an action for damages.
This may be conceded as to the plan which they devised and adopted in pursuance of the act of 1857, and in the manner therein prescribed. That pían provided for a sewer running down Third avenue, and discharging at Forty-ninth street; but, as we understand the evidence, it does not provide for any stoppage, discharge, or turning at Twenty-eighth street. When the board came to make its contract, it stopped short of the plan it had judicially adopted, and discharged the sewerage by a lateral cut at Twenty-eighth street, in the vicinity of plaintiff’s premises, if not upon them, thereby causing a nuisance, as the plaintiff claims, and as we think he had a right to urge before the jury upon the evidence.
Upon this view of the matter we do not think the case comes within the line of decisions holding officers or municipal corporations exempt from responsibility for acts of a quasi judicial character.
Our conclusion is that the case should go back for a new trial. Costs of the appeal to the appellant to abide the event.