ISAIAH MILBURN, RESPONDENT, *v.* DENTON FOWLER AND EVERETT FOWLER, APPELLANTS.

*Right to lateral support — the owner of a lot adjoining a highway cannot excavate his lot so as to render the highway unsafe — who may maintain an action to restrain him from so doing.*

The owner of a lot adjoining a highway has no right to so dig or excavate upon his own land as to render the highway unsafe, or cause the earth thereof to subside or fall down.

The owner of a lot, access and entrance to which is given by the highway, may maintain an action to restrain such unlawful interference therewith.

APPEAL from an order made at a Special Term, continuing an injunction restraining the defendants from "digging upon their own land at any point southerly of the lands of the plaintiff at the corner of Canal and First streets, in the village of Haverstraw, so as to endanger the safety of said First street, or in any way interfering with said street or the soil upon the same, and from causing the earth of said street to subside or fall down."

The plaintiff's property is on the west side of First street, which is a public highway. The defendant's property is on the opposite side of that street, and extends along the same 400 feet southwardly from the plaintiff's premises. The fee of the street in front of their property is in the defendants. The complaint alleged that the defendants have "commenced to dig and excavate along the side of First street, to a depth of ten or twelve feet, so near to the street as to endanger its safety, and render it, or a portion of it, liable to subside and fall down."

The allegations of special damage were as follows :

" That the value of the plaintiff's property would be impaired and especially injured, beyond the injury which would be sustained by other property owners in the vicinity or by the public generally, and that the plaintiff's house and lot is nearer the place where defendants are digging than any other dwelling-house of any considerable value, except those owned by defendants."

*Wheeler & Brown,* for the appellants.

*C. Frost,* for the respondent.

CULLEN, J.:

The injunction order appealed from restrained the defendants from so digging on their own land as to endanger the safety of the highway or cause the earth of the same to subside or fall down.

Thus the defendants were at full liberty to use their own land as they saw fit so long as they protected the highway. In this respect the injunction follows the precedent laid down in *Farrand* v. *Marshall* (19 Barb., 380). If the defendants do not intend to interfere with the highway this injunction will not affect them.

It is claimed that there is no right of lateral support for the street unless it is alleged and shown that the highway is in its

natural state and free from superincumbent earth which may increase the lateral pressure.

This doctrine, which, in the absence of any statutory regulations, controls the relative rights between adjacent owners, has no application to the case of a highway.

The right to dig down one's own land is not absolute, but subject to regulation. In the case of many cities this right is limited by statute, and such regulations are valid. (*Dorrity* v. *Rapp*, 72 N. Y., 307.)

Any obstruction or interference with a highway is unlawful and *per se* a nuisance.

One cannot dig a pit on his own land so close to the highway that a traveler may fall into it unawares. Certainly he cannot then dig that pit so as to cause a subsidence or destruction of the highway itself.

That this highway affords access and entrance to plaintiff's premises gives him sufficient special interest or damage to entitle him to maintain this action.

The early cases cited by appellants' counsel have been much limited by recent decisions. (*Francis* v. *Schoellkopf*, 53 N. Y., 152.)

The order appealed from should be affirmed, with costs.

Present — BARNARD, P. J., and CULLEN, J.; DYKMAN, J., not sitting.

Order continuing injunction affirmed, with costs.