ALBERT MICHEL, Respondent, v. THE BOARD OF SUPER-
VISORS OF THE COUNTY OF MONROE, Appellant.

39 47
69 527
39h 47
72 AD 1319

*Pollution of a stream — damages are to be fixed by the depreciation in rental value,
though the premises are occupied by the plaintiff.*

In an action to restrain the defendant from polluting the waters of a ditch in the
vicinity of the plaintiff's land and dwelling-house, and to recover the damages
already sustained, the fact that the plaintiff did not rent, or propose to rent,
the premises during the period for which damages are sought to be recovered,
does not make it improper to admit evidence to show the depreciation in the
rental value of the premises occasioned by the wrongful acts of the defendant,
and to award the same to the plaintiff as pecuniary damages.

Appeal from a judgment in faver of the plaintiff, entered upon
a decision of the Monroe County Special Term.

*W. F. Cogswell*, for the appellant.

*J. A. Stull*, for the respondent.

Smith, P. J.:

The action was brought to restrain an alleged nuisance and to
recover damages caused by it. The trial court found, in substance,
that from the year 1879 to the commencement of the action, the
defendant discharged a large amount of filth, wash water and other
offensive matter, the sewage from the county alms-house, peniten-
tiary and insane asylum, containing about 700 inmates, through
drains from said buildings, into a certain ditch running along the
north side of Elmwood avenue, past the land and dwelling-house of
the plaintiff, and that said matter, so discharged, emitted foul and
offensive smells, poisoned and polluted the air in the vicinity of the
plaintiff's land, impregnated the waters of said ditch, which were
previously pure and wholesome, and rendered said waters foul, and
the land of the plaintiff unhealthy and uncomfortable and unfit for
habitation. These findings are fully supported by the evidence, and
they warrant the injunction ordered by the judgment.

A question is raised in respect to damages. The counsel for the
appellant contends that it was error to admit proof of the alleged
depreciation in the rental value of the plaintiff's premises, by reason
of the acts complained of, and to award the same to the plaintiff as

pecuniary damages. The contention is based upon the fact that the plaintiff did not rent, or propose to rent, his premises during the period for which damages were allowed, but during all that time he occupied them with his family. It is obvious, however, from the evidence and the findings, that the value of the premises as a residence was greatly diminished by the discomfort and the danger, if not the positive injury, to health to which the plaintiff and the members of his family were subjected, in consequence of the alleged nuisance. The extent of the depreciation of the rental value of the premises, thus caused, seems to be a just, as it is certainly a convenient, measure of damages. The cases of *Francis* v. *Schoellkopf* (53 N. Y., 152) and *Wiel* v. *Stewart* (19 Hun, 272) we think justify the ruling. We understand, from the report of the former case, that the rule referred to was there applied, as well in respect to the house of the plaintiff, in which she and her family resided, as to the one which she leased. The court remarked that the house in which she lived was made " disagreeable and uncomfortable," a remark which had no pertinency, unless the rule of damages subsequently approved in the opinion, namely, " the difference of the rental value free from the stench and subject to it," was applicable to the plaintiff's dwelling-house, as well as to the building which she held for rent. The case of *Wiel* v. *Stewart* (*supra*) recognizes the rule referred to as the proper measure of damages, in the case of the keeper of a hotel, who claimed that she lost boarders by reason of an alleged nuisance maintained by the defendant.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.