Smith, P. J.
This action was brought to restrain the defendant from continuing certain alleged nuisances charged to have been created by the discharge of sewage from two of its outlet sewers into Thomas creek, a stream flowing through plaintiff’s premises, in the town of Brighton, and to recover for damages occasioned thereby. The referee awarded damages to the amount of $1,376.83, and an injunction. The issuing of the injunction was stayed, however, for six months, upon certain conditions specified in the report, to enable the defendant to abate the nuisance in the meantime.
The only questions that need be considered arise upon exceptions taken to rulings of the referee upon the admisi *475 Mlity of certain items of evidence, which were received by him against the defendant’s objection. Several of the items referred to were properly received as bearing upon the subject of the depreciation of the value of the use of the plaintiff’s premises by reason of the nuisance complained of. Such depreciation was a proper subiect of consideration in fixing the amount of damages. Francis v. Schoellhopf, 53 N. Y., 152, Jutte v. Hughes, 67 id., 271. Any evidence that tended to show the value of the use of the premises free from the effects of the nuisance, or such value when the premises were subject to those effects, was competent. Upon this ground, evidence was properly received, of the value of the premises in case the defendant’s sewage had not discharged into the stream passing through plaintiff’s premises. So, also, evidence of improvements made upon the premises, calculated to enhance the value of their use. So, also, evidence of the actual, or, within proper limits, the probable effect of the stream polluted by such sewage, in producing malaria and other forms of disease.
But there was an item of evidence received under the latter head, which we think was incompetent. We refer to the testimony of certain witnesses that in their opinion excrement from cholera patients passing into the sewers and thence into the stream would not become disinfected when they reached plaintiff’s premises. This testimony was entirely speculative. There was no evidence of the existence of cholera in the city at any time during the continuance of the alleged nuisance. But it is very clear that the reception of the testimony did no harm, for the reason that aside from it, there was ample evidence in the case to sustain the judgment in all respects.
The question put to Prof. Lattimore as to whether, in his opinion as an expert, the samples analyzed by him, as stated on his direct examination by defendant’s counsel, could have been taken from a stream ‘polluted as assumed by the question, we think was proper on cross-examination. It was pertinent, as it called for an answer that tended to modify or explain the testimony given by the witness on his direct-examination, and the question, so far as it was hypothetical, was proper for the purpose, and was based upon facts then proved, or which might be fairly claimed to have been proved. People v. Lake, 2 Kenr., 358; Guiterman v. Steamship Co., 83 N. Y., 358; Cowley v. People, id., 464; Forsyth v. Doolittle, 122 U. S. S. C. R., 586.
It was also proper to ask Mr. Holley, on cross-examination, in view of what he had previously testified to respecting the appearance of the stream at different times when he had observed it, whether it was possible that on some days the stream might look very black, and on the succeeding day look very clear. In that instance, also, the testimony *476 elicited by the question tended to modify or explain what the witness had stated on his direct-examination.
The analysis of water made by Prof. Lattimore in -the Chapman case, was properly received in evidence. The water was taken from the stream in question, at a point from one-half to three-fourths of a mile above the plaintiff’s premises, and its condition tended in some degree, though somewhat remotely, to throw light upon the condition of the water of the same stream at the point at which the plaintiff’s premises were situated.
The testimony of Mr. Holley, given on his direct-examination by the plaintiff, consisting of computations as to the amount of excrement discharged daily into the stream, or the sewers emptying into it, so far as such testimony was based upon tables or statements taken from the witness referred to by him, we are inclined to think, was not strictly admissible. The reported cases seem to be to the effect that the books themselves, if offered, could not have been received to prove the matters which the witness stated on their authority. Harris v. The Panama R. R. Co., 3 Bosw., 7, and cases cited by Bosworth, J., 72, 18. If so, the testimony itself was inadmissible. But in the view we take of the case, the reception of this item of evidence, also, was harmless. It merely rendered more specific what had been shown, in a. general way, by other testimony. Aside from the figures and details thus given, there is abundant evidence, and competent evidence, in the case to support the judgment, not only as to the right to an injunction, but also in respect to the amount of damages. The fact of the discharge of polluting substances from the city sewers into the stream, for more than six years, their effect, in general, upon the waters of the stream and upon the plaintiff’s premises, and the value of the use of the premises, were shown by the testimony of several witnesses, and the testimony last referred to, independently of the portion of the testimony above pointed out as incompetent, warrants the conclusions of the referee.
Those witnesses testified that they were acquainted with the stream, and they gave a description of its polluted condition and injurious effects which warranted the decree for an injunction, and they also gave estimates of the value of the use of the plaintiff’s premises before and since they were affected by the nuisance complained of, which amply support the finding as to the amount of damages. If, therefore, the rulings above condemned were in fact erroneous, the errors may be properly disregarded on review, as no injunction has resultecl from them. Code Civ. Pro., § 1003; Post v. Mason, 91 N. Y., 539.
The remaining exceptions argued by the appellant’s counsel are so plainly devoid of merit as to require no special comment.
The judgment should be affirmed, with costs, with leave, *477 however, to the appellant to apply at special term for a renewal of the stay of the issuing of the injunction, if it shall he advised so to do.
Haight and Bradley, JJ., concur.