WOOLSEY *et al. v.* NEW YORK EL. R. Co. *et al.*

*(Supreme Court, General Term, First Department.   March 28, 1890.)*

1. ELEVATED RAILROADS—INJURIES TO ABUTTING OWNERS—RENTAL VALUE.
     In an action to enjoin the maintenance of defendants' elevated railroad in a street in front of plaintiffs' premises, and for damages caused by its operation, evidence as to the impairment of the rental value of the premises is not rendered incompetent by the fact that plaintiff himself is the occupant thereof.

**2. Same—Adjoining Property—Harmless Error.**
   A finding that one of the effects of the railroad was the interruption of light and air to and from adjoining premises, though erroneous, is not ground for a reversal when nothing is allowed for damages to adjoining property.

**3. Same—Injunction—Condemnation Proceedings.**
   An objection to the refusal of the court to direct that the injunction be conditioned on the failure of defendants to condemn the property taken is without merit where they have had 10 years in which to proceed for that purpose.

**4. Same—Outstanding Mortgages.**
   Nor is there any merit in the objection that no provision is made by the decree for the protection of defendants from future loss by reason of an outstanding mortgage, when the mortgagee is made a party to the suit.

Appeal from special term, New York county.

Action by Theodorus B. Woolsey and others against the New York Elevated Railway Company and the Manhattan Railway Company. From the judgment rendered in favor of the plaintiffs, defendants appeal.

Argued before Van Brunt, P. J., and Bartlett and Barrett, JJ.

*Davies & Rapallo*, (*Brainard Tolles*, of counsel,) for appellants. *Mitchell & Mitchell*, for respondents.

Van Brunt, P. J. This action was brought to restrain the defendants from operating their railway in front of certain premises situated on Front street, in the city of New York, until they should pay for the value of certain easements which had been taken in the construction of the defendants' railway as assessed in the action. It appeared upon the trial of the action, which was commenced in May, 1887, that the railroad in question was constructed in 1877, and has been in operation ever since, and that by this construction and operation the light, air, and access of the plaintiffs to and from their premises have been interfered with, and their enjoyment of the same diminished. It further appeared that in 1885 a mortgage had been given upon this property, and that the mortgagee had become a party plaintiff in the action. The court rendered judgment for $1,900 as damages sustained during the six years prior to the commencement of the action, and restrained the defendants from the operation of their road unless, within 30 days from a service of the decree upon them, they pay to the plaintiffs $5,500 and interest, adjudged to be the value of the plaintiffs' right and easements which had been taken by the defendants in the erection and operation of their railroad; and upon such payment being made the plaintiffs were required to give a deed of release to the defendants. From this decree the defendants have appealed.

It is claimed that the learned justice who presided at the time erred in the admission of evidence as to what the value of the premises in question would be in the assumption that the elevated railroad was not there. The validity of this objection, upon a record similar to the one at bar, was discussed by Mr. Justice Barrett in the case of *Mitchell* v. *Railway Co.*, *ante*, 130 and decided herewith; and it is not necessary to repeat the suggestions contained in that opinion, and which dispose of the question.

The next objection is that an erroneous measure of damages was adopted by the court below for the past interference with the plaintiffs' property. This point is based upon the proof, and the request to find, that since the elevated railroad was constructed the building in question had been occupied by the plaintiff Theodorus B. Woolsey for the purpose of his business as a dealer in flour, and for the storage and manipulation of flour. It is claimed that because the plaintiff himself occupied the premises, therefore all evidence as to the impairment of their rental value was improper, and such evidence should not have been received or considered. The ruling of the court upon this question is sustained by principle and authority. The owner of the premises upon which the trespass has been committed is entitled to be indem-

nified for the damages that he has sustained by reason of the trespass. The discomforts arising from the trespass are to be compensated for; and simply because an owner does not choose to abandon his premises, but continues to occupy the same, in no way deprives him of this right to compensation; and there is no more accurate way in which the money value of such discomforts can be measured than by showing how the rental value of the premises has been affected by the erection and maintenance of the nuisance. In the case of *Francis* v. *Schoellkopf*, 53 N. Y. 152, this measure of damages is expressly approved under such circumstances, as was also the case in *Michel* v. *Board*, 39 Hun, 47.

It is also urged as a ground for reversal that the court below erred in finding that the effect of the elevated railroad in interrupting the light and air of adjoining premises constitutes an unlawful taking of the plaintiffs' property. If damages had been awarded for the interruption of light and air of premises adjoining the plaintiffs, it would have been clearly error. The finding complained of is as follows: "The said unlawful taking consists, among other things, in the erection and maintenance of said structure itself, including a column imbedded in the sidewalk, and of the height above the street of about 17 10-12 feet in front of plaintiff's premises, and in drawing trains of cars on said structure by steam-engines, generating gas, steam, and smoke, and distributing in the air cinders, dust, and ashes, and other noxious and deleterious substances, and interrupting the free passage of light and air to and from plaintiffs' premises, and to and from adjoining premises." It is to the last six words of the finding that objection is taken. An examination, however, of the evidence and the findings, show that no damages were allowed for the interruption of light and air to and from adjoining premises. It is undoubtedly true that the structure in front of plaintiff's premises interrupted the passage of light and air to adjoining premises, but when the damages are stated they are allowed solely because of depreciation of the plaintiffs' property caused by the maintenance and operation of the defendants' structure and road, and nothing is allowed for damages to adjoining premises. The last few words to the finding, although improperly there, have done no harm to the defendants, as no improper element of damage has been taken into consideration.

A further claim of error is based upon the refusal of the court below to direct that the injunction provided for by the decree should be conditioned upon the failure of the defendants to acquire, in the manner provided by law, the easements or other property for the protection of which the injunction was granted. There is no merit in this objection. The defendants had had over 10 years in which to take the proceedings to acquire the title to the property taken. They had persistently neglected to do so. They were content, as long as they could retain possession of the property which they had seized without the shadow of right, not to take any proceedings to acquire title thereto; and when, finally, a long-suffering owner has brought his action, and the day of judgment has come, this trespasser asks that he may, after his long delay, be allowed further time to legally acquire the title. We see no merit in this further attempt at procrastination. Besides, the defendants had nearly two years after this action was commenced, and before its trial, to take these proceedings, and prosecute them to an issue; but, even after the action was commenced, they made not the slightest effort, for more than a year, to take these proceedings which should have preceded the construction of their road.

The objection that no provision is made for the protection of the defendants from future loss by reason of the outstanding mortgage title would have been good, had not the mortgagee been a party to this action. He has, by becoming such a party, assented to the judgment in this action, and cannot now

impeach, by virtue of his mortgage, the title which the defendants will have acquired when they comply with this decree to the easements occupied by them. The judgment appealed from should therefore be affirmed, with costs. All concur.