The action was at law, and was brought to recover damages for injuries sustained by the plaintiff by reason of the maintenance and operation of the defendant's elevated railroad, in front of premises on the Bowery in New York city. The period for which these damages were claimed was from May, 1878, to the commencement of the action, in September, 1880. The defendant's use of the street commenced about the time when new leases of the building were made by the plaintiff and the rentals reserved were less than had been obtained previously. The plaintiff not having been in possession of the premises, the point made by the appellant is that it was error to permit any recovery by him.
This point is claimed to have been raised by several exceptions, but it was not distinctly presented, nor raised during the trial, nor until, upon the submission of the case to the jury, the court was requested to rule that if the jury should find that the premises were in the possession of tenants, at any or all times during the period subsequent to the construction of the railroad and prior to the commencement of the action, then they must award no damages for such period.
Upon the trial, no objection was taken to the admission of evidence as to the plaintiff's damage resulting from a diminished rental value, upon any ground suggesting the point argued. The evidence was principally adduced to prove the difference in the rental value of the premises, previous and subsequent to the construction of the road, and it was upon that basis that the plaintiff's recovery rested. But, assuming that the question was fairly and competently raised upon the trial, through such a request to charge, we think there was no error in the ruling of the trial judge.
The plaintiff sued for past damages and proved that such had actually been sustained in a diminished rental value, and from causes connected with the existence of this railroad. The action was not based upon any theory of the continuing nature of the trespass, nor was the recovery predicated upon any anticipation of its continuance.
It was for damages actually suffered in the past. So that *Page 574 
the defendant's case resolves itself into the mere proposition that a lessor, or landlord, who has sustained a damage to his property in the past, from the defendant's tortious acts, is without remedy, or right of action, if he was not in the physical possession of the premises. If this proposition is true, it operates to deprive the owner of the property of his right to recover for a damage inflicted by the defendant; and as the element of damage is in the diminished rental value and, of course, is peculiar to the owner of the property, the defendant would go free and relieved of the obligation to make compensation for a loss actually caused by it. This is abhorent to the judgment. The wrong complained of, and for which a recovery has been had, was one committed upon the owner's rights and not affecting the occupants of the premises. If the tenants had a cause of action against the defendant for some injury to their right to the enjoyment of the possession of the premises, accruing after the leasing, it would be quite different from the landlord's. There is no principle of law, that I am aware of, which limits the number of actions which may be brought against a wrong-doer by those persons who have suffered from his acts. The owner of the property has his remedy for the injury done to the inheritance by a trespasser, as the tenant has his remedy for any injury done to the possession. In either case, it is a matter of proof as to the damage sustained by the particular complainant, and neither litigant is the representative of the other in an action of trespass.
In Francis v. Schoellkopf (53 N.Y. 152), which was an action of damages, growing out of a neighboring nuisance, brought by the owner of the property, her right of recovery was limited to the loss of rents and to the diminution of rent when a tenant was obtained. She was not permitted to recover for the injury done to the tenants while occupying the property. This marks the just distinction in the respective rights of recovery of landlord and tenant.
The appellant makes an elaborate argument upon the theory that as the effect of a conveyance would be to vest a purchaser of the property with the right of action against the defendant *Page 575 
and to divest the seller, notwithstanding the sale was at a diminished price, the same principle should be made to apply to the case of the lessor and lessee of property. We have had occasion to pass upon the question, which this proposition raises, in the Kernochan case,* decided at the present term, and the discussion there renders it unnecessary to say anything here.
The judgment should be affirmed, with costs.
All concur, except EARL, J., not voting.
Judgment affirmed.
* Ante, page 559. *Page 576 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 577