Deceased.— Motion for reargument or for leave to appeal to the Court of Appeals denied, without costs. Present — Jenks, P. J.; Thomas, Putnam, Kelly and Jaycox, JJ.

In the Matter of the Voluntary Judicial Settlement of the Account of Proceedings of CHARLES H. ENOS, as Administrator of J. ROLAND ENOS, Deceased.— Motion to resettle order of affirmance denied, without costs, and without prejudice to such right of set-off, if any, as the administrator may have. Present — Jenks, P. J., Thomas, Putnam, Kelly and Jaycox, JJ.

LEONORA KNOBLOCK, Respondent, v. EDWARD F. STRINGER and Another, Appellants.— Motion denied. Present — Jenks, P. J., Thomas, Putnam, Kelly and Jaycox, JJ.

FRANK NORDONE, Respondent, v. F. C. AUSTIN DRAINAGE EXCAVATOR COMPANY, Appellant.— Reargument ordered, limited to the recovery of $376.40, and case set down for Thursday, October 10, 1918. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

THE PEOPLES TRUST COMPANY, as Guardian, etc., Respondent, v. ELIZABETH JOHNSON and Others, Defendants. JAMES T. TAYLOR, Purchaser, Appellant.— Motion granted, without costs. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

THE PEOPLES TRUST COMPANY, as Guardian, etc., Respondent, v. ELIZABETH JOHNSON and Others, Defendants. JAMES T. TAYLOR, Purchaser, Appellant.— Motion denied, without costs. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK J. COONEY, Appellant.— Motion granted. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

GEORGE E. STILL, Respondent, v. HARRIET I. STILL, Appellant, Impleaded with Another.— Motion denied. The additional hearing required may be had at any Special Term. Present — Jenks, P. J., Thomas, Putnam and Kelly, JJ.; Jaycox, J., not voting.

MORTIMER WEINBERG, Appellant, v. JOHN P. MALLON and Others, Respondents.— Motion denied. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

JAMES F. CORCORAN, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— There is no sufficient evidence of rental damage, and the judgment in that regard is reversed, as well as findings to the effect that hard coal could be used in the locomotives with little increased expense, but the judgment for the injunction, avoidable upon the terms decreed, is affirmed, without costs of the appeal, on authority of Cogswell v. N. Y., N. H. & H. R. R. Co. (103 N. Y. 10); Baltimore & Potomac R. R. Co. v. Fifth Baptist Church (108 U. S. 317); Richards v. Washington Terminal Co. (233 id. 546), and it should be noted that there is absent evidence of the temporary use of hard coal on standing or outgoing locomotives, found to have been used by the defendant in Hearst v. N. Y. C. & H. R. R. R. Co. (215 N. Y. 268). Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

ANGELO DEKURTIS, an Infant, by THOMAS DEKURTIS, His Guardian ad