CHARLES GARBER and Others, Plaintiffs, *v.* RUBEL CORPORATION, Defendant.

Supreme Court, Special Term, Bronx County, March 11, 1936.

*Feuer, Kantor & Feuer* [*Samuel Feuer* of counsel], for the plaintiffs.
*Wing & Wing* [*Arthur Wing* of counsel], for the defendant.

COHN, J.  The plaintiffs for the past five years and more have been and still are the owners of a five-story apartment dwelling located at No. 762 Cauldwell avenue, Bronx, having a frontage of thirty-nine feet on the east side of Cauldwell avenue.  In July, 1930, the defendant completed the erection on the west side of this avenue and directly opposite plaintiffs' apartment house a one-story brick extension to an ice plant which had theretofore been confined to a plot on Eagle avenue, a block west of Cauldwell avenue.  The defendant's new structure has a frontage of 86.84 feet on Cauldwell avenue and extends west toward Eagle avenue a distance of 130 feet.  Cauldwell avenue is sixty feet wide.  The neighborhood is wholly residential on the east side of the avenue, although the property on the west side is devoted chiefly to business uses.

In defendant's building, concerning which the plaintiffs complain, ice is manufactured at the rate of 300 tons per day.  The ice machinery is operated day and night without cessation.  Loud and disturbing noises are caused by the machinery in connection with the operation of harvesting and dumping ice in the plant, and offensive odors of ammonia emanate therefrom.  Witnesses have testified that the noise and odors are particularly objectionable in the summer months, when the movable swinging windows in the east wall of defendant's plant fronting on Cauldwell avenue are open, causing the plaintiffs and their tenants loss of sleep at night and annoyance and interference with physical comfort during the day.  Although the defendant has conducted its business in conformity with law and the plant has been constructed and equipped with most modern applicances, I find that the use of defendant's premises has been unreasonable to plaintiffs' material injury.  The noises and odors of the character established by the testimony of plaintiffs' witnesses continuing without interruption during the day and throughout the night, particularly in the summer months, have shown material interference with the use, occupation and enjoyment by plaintiffs and their tenants of plaintiffs' building sufficient to constitute a nuisance.

I am of the opinion that plaintiffs' claim of damages is grossly exaggerated, as it appears that the rents which plaintiffs receive for their apartments are not greatly out of line with the rents paid by tenants in similiar buildings in like neighborhoods not affected by the nuisance.

Plaintiffs are entitled to recover damages representing the diminution of the rental value of their premises from July, 1930, the date when the nuisance began, to the date of the decree (*Francis* v. *Schoellkopf*, 53 N. Y. 152; *Thomann* v. *City of Rochester*, 256 id.

165, 171), which sum I assess at $750. Plaintiffs are also entitled to a permanent injunction restraining the continuance of the nuisance, unless defendant shall pay to the plaintiffs an amount representative of their damage which will be caused by the continuance of the nuisance. (*Corcoran* v. *N. Y. Central R. R. Co.*, 100 Misc. 192; modfd. and affd., 185 App. Div. 935; affd., 229 N. Y. 562.) This item I fix in the sum of $1,000 as compensation for such injury.

Judgment is accordingly directed in favor of the plaintiffs against the defendant. Settle decision within five days on two days' notice.