### DAVID A. LAMMING, RESPONDENT, *v.* NORMAN H. GALUSHA AND OTHERS, APPELLANTS.

*Misjoinder — of a cause of action for a nuisance and for personal injuries — failure separately to state and number causes of action — its effect upon a demurrer.*

The complaint in an action alleged that the defendants had, by the construction and operation of a steam railroad in a public highway, created a public nuisance which was a special damage to the plaintiff. It then alleged that while the plaintiff was driving along such highway an engine belonging to said railroad passed, which frightened the plaintiff's horse, and that the plaintiff was thrown out of the wagon and injured. A demurrer was interposed to the complaint. There was nothing to connect the allegations, as to the nuisance, with those relating to the injury, and the two were not separately numbered.

*Held,* that the cause of action for a nuisance, and that for personal injuries, were improperly joined and did not fall within the scope of subdivision 9 of section 484 of the Code of Civil Procedure, providing that claims arising out of the same transactions, or transactions connected with the same subject of action, may be united in the same complaint.

That the failure of the plaintiff separately to state and number the causes of action did not preclude the defendant from demurring for misjoinder or put him to a motion to compel such separate statement and numbering.

APPEAL by the defendants, Norman H. Galusha and others, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 26th day of May, 1891, overruling their demurrer to the complaint; and from an order, entered in said clerk's office upon the same day, upon which order said interlocutory judgment was entered.

*C. C. Davy,* for the appellants.

*Henry W. Conklin,* for the respondent.

MACOMBER, J.:

The demurrer is placed upon the ground that it appears upon the face of the complaint that causes of action have been improperly united, naming four particulars.

The plaintiff is the owner of certain lands in Irondequoit, lying along North avenue, which extends from the city of Rochester to the Ridge road, and also of lands on the Ridge road near the intersection of that highway with North avenue, particularly described in the complaint. These premises are used for farming purposes, raising vegetables and fruits for market in the city of Rochester, where they are carried by wagon, which makes nearly daily trips during several months, and goes two or three times a week during the remainder of the year. The plaintiff, with his family, also goes to the city of Rochester for worship, being attendants upon a church there. The usual and most convenient and natural route from the plaintiff's dwelling, which is near the Ridge road on a street known as Garden street, as well as from other parts of the plaintiff's lands, to and from the city of Rochester, is along the Ridge road and North avenue to Bay street, which is within the city limits, a distance of about two miles. Any other route is circuitous, and, it is alleged, is inconvenient and involves traveling half a mile further at additional delay, labor and expense.

Thence follow allegations, showing, with much circumstantiality, that the defendants, before and since the 1st day of July, 1887, to the present time, have habitually interrupted access to his houses, and interfered with the use of a sand and gravel bed on his premises, and the easy marketing of his crops, by the unlawful construction and operation in these public highways of a railroad operated by steam; that plaintiff's lands extend to the center of both North avenue and the Ridge road, and that the defendant has wrongfully and unlawfully built and maintained high embankments in North avenue, obstructing the natural drainage of the road and otherwise obstructed travel thereon and on the Ridge road, rendering them during certain seasons of the year impassable to vehicles; that said embankments cause the drifting and accumulation of snow so that the highway cannot be traveled. Suffice it to say, in short, that the grievances of the public, as well as the plaintiff's personal grievances, are set forth in much detail. The complaint also contains suitable allegations of special injuries peculiar to the plaintiff alone, other than those suffered by the public at large.

The facts of this case are summed up by another clause in the

complaint, but to the same legal effect. It is then alleged that these acts of the defendant constitute a public nuisance, and are a special injury to the plaintiff; and that, inasmuch as he has no adequate remedy at law, he comes into a court of equity and asks for damages and an injunction to restrain further wrongful operation of the railroad, under suitable allegations averring threats and intention on the part of the defendant to continue to maintain such nuisance.

Here is, clearly, a cause of action set forth alleging the existence of a public nuisance, and showing that the plaintiff has suffered special and peculiar damages other than the public at large. If these allegations are established by evidence, and not overcome by affirmative defenses, the plaintiff would be entitled to some relief. (*Adams v. Popham*, 76 N. Y.; 410.) The complaint, as above epitomized, is a unit and contains only one cause of action. But in the body thereof there are other allegations which certainly, for the purposes above mentioned, have no place there, are without any connection with the statement of the facts above mentioned, and without being separately numbered, are alleged as follows: "That on or about the 4th day of August, 1888, plaintiff, in the ordinary prosecution of his said business, was riding along said North avenue in his own market or produce wagon, and was driving his own horse attached thereto and going toward the north; that said horse was a quiet and well-trained animal, accustomed to steam railroads and cars, and that plaintiff was driving with due care; that plaintiff had reached a point about midway between North street and Ridge road; that thereupon one of said locomotive engines and train, operated by defendants, approached from the south, running at a high rate of speed, and making alarming noises with the escape of steam and otherwise, and without abatement of said speed or noises ran past plaintiff; that the approach of said train greatly frightened said horse; and as said train passed, said horse got beyond plaintiff's control and turned quickly, overturning said wagon, and threw plaintiff violently out of said wagon and to the ground; that said horse, in his fright and struggle to escape, stepped upon plaintiff's head, shoulder and the lower part of his body, wounding and bruising plaintiff; that plaintiff, as the result of said injuries, was confined to his bed for two weeks, and to his house for three weeks, and was necessarily

under medical care for many weeks thereafter, and suffered great pain; that plaintiff has never recovered from said injuries, but is still subject, at times, to excruciating pain in said injured portions of his body; and never since said injuries has he been free from pain occasioned thereby; that since said injuries plaintiff never has been able to read or engage in mental labor, except for a few moments at a time, without bringing on a dizziness and headache sufficient to compel the cessation from such reading and mental labor." Then follow allegations that theretofore plaintiff was an unusually robust and healthy man, capable of doing hard and continuous labor; that such injury incapacitated him for such labor, and the effects of the injuries to him are permanent and incurable.

In the general prayer for relief it is stated that the injuries which, as we have said, would give him a cause of action to restrain the continuance of the nuisance, are "in addition to the body and physical injuries already described."

Here, in the body of this complaint, as it seems to us, is a cause of action for personal injuries inflicted, as is alleged, by the defendants through their negligence in the management of their locomotive while passing along North avenue, and without fault on the plaintiff's part. This has no material bearing upon the acts as presenting the cause of action stated for relief against the nuisance. These allegations might be, and often are, true of a railroad whose right to operate its trains is unquestioned, but which is liable only for the negligent use thereof. It appears to us that in this respect there has been a misjoinder of causes of action, namely, one for the relief from a nuisance where the plaintiff has suffered special damages by reason of the continued unlawful use of the highways, and the other a cause of action which rests upon allegations only of negligence in the operation of a particular train at a given time, to the damage of the plaintiff, when he was without fault.

Subdivision 9 of section 484 of the Code of Civil Procedure is pressed upon our attention, where it is provided that there may be united in the same complaint claims arising out of the same transaction, or transactions connected with the same subject of action. But this negligent act of running a train on a particular trip cannot be said to arise out of the same transaction which constitutes the general burden of the complaint, nor is it connected with the same

subject of action. The one cause of action is founded upon the maintenance of a nuisance, and the other for negligently operating a train on a particular occasion. We conclude, therefore, that the demurrer was properly interposed, upon the ground that there were attempted to be joined in the complaint two causes of action, one for the relief against a continuing nuisance and the other for personal injuries received through the negligence of the defendants, happening without fault of the plaintiff; and we are of the opinion that these causes of action cannot be united in the same complaint.

These two causes of action are not separated, or stated to be independent of each other, and they are not separately numbered. But under the decisions of *Wiles* v. *Suydam* (64 N. Y., 175), and *Goldberg* v. *Utley* (60 id., 427), the failure of the plaintiff to state them separately and to number them does not preclude the defendant from interposing his demurrer upon the ground named, and the latter is not left to his remedy of making a motion to compel the plaintiff to separate the causes of action and separately to number them.

For these reasons we think the interlocutory judgment appealed from should be reversed.

DWIGHT, P. J., and LEWIS, J., concurred.

Interlocutory judgment appealed from reversed, with costs, and the demurrer to the complaint allowed, with leave to the plaintiff to amend on payment of costs of the demurrer and of this appeal.