HELEN ADAMS, Respondent, *v.* WILLIAM H. POPHAM, Appellant.

One erecting or maintaining a common nuisance is liable to an action at the suit of another, who has sustained special damage therefrom; and he may be restrained in equity from continuing the nuisance.

Defendant erected on his own premises a dam across a small stream, a short distance from the house of plaintiff; the water of the pond made by the dam was stagnant, and became filled with unwholesome matter, which poisoned the atmosphere, rendered the use of plaintiff's premises dangerous to life and health, and depreciated its value. *Held,* that an equitable action was maintainable to restrain defendant from continuing the dam, and to compel him to remove it.

Also, *held,* that the fact that plaintiff, by permission of defendant, took ice from the pond one or two winters, did not constitute such an acquiescence in the continuance of the dam as to estop her from claiming that it was a nuisance, especially when thereafter its effects were more clearly discovered.

Nor did the fact that plaintiff and her husband had, by suggesting improvements and otherwise, made efforts to have the pond rendered innocuous, prevent her from resorting to an action for its abatement.

(Argued February 17, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain an alleged nuisance.

The court found, in substance, that the parties were owners of adjoining premises.    That the defendant, by the construction upon his premises of a dam across a small stream of water running through the premises of the parties hereto, created a pond of water upon his said premises, about 240 feet from the dwelling-house of the plaintiff; "that the waters of said pond are stagnant and filled with decomposed and decomposing animal and vegetable matters that from said pond and from the sides thereof as they become bare and exposed to the sun there emanates noxious, offensive and poisonous effluvia, malaria, exhalations and smells which taint, poison and corrupt the atmosphere, and which exhalations, malaria and smells reach the dwelling-house of the plaintiff, rendering the enjoyment of her premises dangerous to life and health; that by reason of such pond of stagnant water so maintained as aforesaid, and the exhalations, malaria and smells arising therefrom, and from the decomposed animal and vegetable matters thereon, the plaintiff, her husband and children and servants have been made sick from time to time, for several years last past, and by reason whereof the said plaintiff with her family have been compelled on divers occasions to leave her premises and take up her residence elsewhere, at great expense; that the said pond, so made and maintained as aforesaid, is a special injury to the premises and residence of the plaintiff, not only affecting the health of the plaintiff and her family, but greatly depreciating the value of her said premises, and rendering the occupancy thereof, as aforesaid, as a residence, hazardous to the health and life of the occupants of the same."

Judgment was directed and was entered as follows:

"That the defendant be perpetually enjoined and restrained from making, maintaining, continuing or renewing the said pond by means of a dam or otherwise.    It is adjudged that the defendant herein be, and he hereby is, enjoined to remove all obstructions to the running of the water in said stream, so that the water in said stream may run in the same manner as it ran before any dam or obstruction was made or con-

structed to prevent or obstruct the flowing of the waters of said stream. And it is further adjudged that defendant be, and he hereby is, perpetually enjoined and restrained from making, maintaining, continuing or renewing the said pond by means of a dam or otherwise, or doing any other act or thing whereby the water of said stream will be prevented or obstructed from running and flowing as they were wont to do before any dam was constructed or obstructions made to the flowing of the water of said stream."

*Samuel Hand*, for appellant. Plaintiff having acquiesced in the maintenance of defendant's pond is barred from asking for equitable relief. (*Brown* v. *Bowen*, 30 N. Y., 543; *Sprague* v. *Steere*, 1 R. T., 247; *Williams* v. *Earl of Jersey*, 1 Cr. & Ph., 91; 2 Eq. Cas. Abr., 522–523; *G. W. R'y* v. *Oxford W. and W. R'y Co.*, 3 De Gex, M. & G., 355; Story Eq. Jur. [12th ed.], § 959 *a*; 1 Joyce on Inj., 102.) Plaintiff having treated the pond as a private nuisance and removed all cause for complaint cannot claim equitable relief. (*Harrower* v. *Ritson*, 37 Barb., 310; *Pierce* v. *Dart*, 7 Cow., 609.) Defendant had the right to erect dams and maintain the water on his own land for reasonable purposes, either for fish ponds, ice, mills, or other lawful purposes. (*Wood* v. *Edes*, 2 Allen, 578; *Petty* v. *Lancaster*, 13 Metc., 156; *Clinton* v. *Myers*, 46 N. Y., 511; *Gould* v. *Boston Co.*, 13 Gray, 442; Washburne on Real Prop., 337 *et seq.*)

*Wm. H. Robertson*, for respondent. The pond in question was a nuisance, and plaintiff was entitled to a judgment enjoining the continuance of it. (*Fish* v. *Dodge*, 4 Den., 311; *Lansing* v. *Smith*, 4 Wend., 25; *Corning* v. *Lowerre*, 6 Johns. Ch., 439; *City of Georgetown* v. *Alexander Canal Co.*, 12 Pet., 91; *Peels* v. *Elder*, 3 Sandf., 126; *Howard* v. *Lee*, 3 id., 281; *McKeon* v. *See*, 4 Robt., 449; S. C., 51 N. Y., 300; *Francis* v. *Schollkoff*, 53 id., 152; *Prime* v. *Twenty-third Street R. R. Co.*, 1 Abb. [N. C.], 63; 2

Story Eq. Juris., 238, §§ 925, 927; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97–111; Willard's Eq. Juris., 391.)

CHURCH, Ch. J. The findings of the judge establish that the pond made by the defendant by means of a dam across a small stream, although upon the defendant's premises, was a public nuisance, and that the plaintiff was especially affected by its continuance.

One erecting or maintaining a common nuisance is not liable to an action by a person who has sustained no damage except such as is common to all, but is liable to one who has sustained damage peculiar to himself, and may be restrained in equity from erecting or continuing the nuisance. (*Francis* v. *Schœllkopp*, 53 N. Y., 152; *Lansing* v. *Smith*, 4 Wend., 25; 2 Story's Eq. Juris., §§ 925, 927; *McKeon* v. *See*, 51 N. Y., 306.)

The facts found, although upon conflicting evidence, and affirmed by the General Term, are conclusive upon this court, if there was any evidence to justify them.

We have examined the evidence with care and are satisfied that the findings were warranted, and beyond that we have no power to pass upon them. Nor do we think that the circumstance that the plaintiff, by the permission of the defendant, took ice from the pond one or two winters, constituted such an acquiescence or encouragement for the continuance of the erection, as to estop her from claiming that it was a nuisance, especially after its effects were more clearly discovered. Nor did the efforts made by the plaintiff and her husband to have the pond rendered innocuous, by suggesting improvements, and otherwise, prevent her from resorting to an action for its abatement after these efforts proved unavailing.

It is insisted however that the judgment is too comprehensive and sweeping. The purpose of the pond was to enable the defendant to secure a supply of ice, and it is urged that the pond might be maintained in the winter months for that purpose without producing any injurious

effects upon the health of the plaintiff or her family, or her property. The judge was requested to find that no injurious or offensive results proceed from the pond of the defendant in the winter months. This was refused and an exception taken, and it is claimed that this was proved by uncontroverted evidence, and should have been found. The answer to this point is, in the first place, that the request if found would not be decisive of the right to maintain the pond even in the winter months, because, although no injurious results might proceed from the pond during that period, yet the keeping it up through the winter, attended as it seems to have been by large washings into it of vegetable matter, might produce bad effects afterwards. There is evidence tending to show that such would be the case, and sufficient to justify a refusal to find, that the keeping up of the pond in the winter, would not be injurious. Such a request was not made, and the request actually made was only an item of evidence, bearing upon the general question whether the continuance of the pond was or might be in its effects harmful, and it is not error to refuse to find more evidence.

It is claimed however, that the judgment prevents the defendant from damming the stream, or having a pond on any part of his land, of any character or description. It appears that the small stream which was obstructed to make the pond, runs through the land of the defendant for about a mile, and it is insisted that he ought not to be prevented entirely from making a pond on any part of his land, with such restrictions and requirements as will render it harmless.

We are unable under the findings and evidence to determine whether this is practicable or not. A pond although harmless during the period when it is actually frozen, may be the means of breeding malaria during the remainder of the year, and yet it may not be impossible that a pond can be so made and managed on some portion of defendant's land, as not to be hurtful, and if it can, and the defendant chooses to adopt that method, it is his legal right thus to enjoy his

own land. A person may enjoy his own property in any lawful manner, but may not do so to the injury of others. In view of the comprehensive terms of the judgment, we are inclined to permit the defendant to apply to the Supreme Court, on notice to plaintiff, for leave to make a pond, at such other place, and in such manner, and under such restrictions as to its construction, management and use, as to render it entirely harmless to the plaintiff and the public.

If the court shall determine that this is practicable, it may in its discretion give permission, otherwise the judgment will be conclusive. To this extent the judgment may be modified if desired, and as modified affirmed with costs.

All concur.

Judgment accordingly.