ABIJAH S. WAKEMAN, Appellant, v. SYLVIA A. WILBUR et al., Respondents.

1. OBSTRUCTION OF HIGHWAYS — PUBLIC NUISANCE — PRIVATE ACTION. The obstruction of a public highway is an act which in law amounts to a public nuisance, and one who sustains a private and peculiar injury from such an act may maintain an action to abate it and recover the special damages by him sustained; and, provided the injury is substantial, the fact that other persons have also been injured by the act is no ground for a denial of the relief.

147 · 657
171 ¹600

2. PUBLIC ACTION.   When, however, the damage or injury caused by the obstruction of a public highway is common to the public and special to no one, redress must be obtained by some proceeding in behalf of the public and not by private action.

3. PRIVATE ACTION.   The facts — that a person, who was obliged to use a highway in winter for the purpose of drawing logs, was for several days compelled, on account of. an obstruction created by a fence, encroaching upon the highway, to take another and much longer route, to his pecuniary damage; that at other times he was obliged to clear the road from drifts of snow caused by the fence, which required time and labor, and that he has sustained damages special and peculiar to himself, growing out of the necessity on his part of using the road at the time of the obstruction more frequently than his neighbors — suffice to bring him within the principle which permits a private person to maintain an action to abate a public nuisance and to recover special damages.

4. REMEDY AT LAW — OBJECTION RAISED ON APPEAL.   The defense of an adequate remedy at law, under the statute, to remove

obstructions from a public highway, when not interposed by answer or raised at the trial, cannot be made available by an objection raised for the first time after judgment, in an action in equity brought by a private person to compel the removal of obstructions and for incidental damages, and is not a good ground for reversing the judgment.

Mem. of decision below, 51 Hun, 638.

(Argued November 27, 1895; decided December 10, 1895.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 13, 1888, which reversed a judgment in favor of plaintiff, entered upon the report of a referee, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Isaac H. Maynard* for appellant. The referee was right in holding that the *locus in quo* is a public highway. (*Sage* v. *Barnes*, 9 Johns. 365; *Chapman* v. *Gates*, 46 Barb. 319; *In re James*, 43 Hun, 67; *Dougherty* v. *Hope*, 1 N. Y. 79; *People* v. *Carpenter*, 24 N. Y. 86; *Miller* v. *Garlock*, 8 Barb. 157; *Chapman* v. *Gates*, 54 N. Y. 132; *Bergen* v. *Bennett*, 1 Caines Cas. 18; *Jackson* v. *McCall*, 10 Johns. 377; *Leland* v. *Cameron*, 31 N. Y. 115; *McCoy* v. *Curtice*, 9 Wend. 17; *Downing* v. *Rugar*, 21 Wend. 178; *Tucker* v. *Rankin*, 15 Barb. 471; *Van Steenbergh* v. *Bigelow*, 3 Wend. 43; *Barber* v. *Winslow*, 12 Wend. 102; *Potter* v. *M. Bank*, 28 N. Y. 641; *Plumb* v. *C. Ins. Co.*, 18 N. Y. 392; *Graser* v. *Stellwagen*, 25 N. Y. 316; *Vandemark* v. *Porter*, 40 Hun, 397; *Porter* v. *Village of Attica*, 33 Hun, 605; *Cook* v. *Harris*, 61 N. Y. 448; *Holdane* v. *Trustees of Cold Spring*, 21 N. Y. 474; Thomas on Highways, 53; *McMannis* v. *Butler*, 51 Barb. 436; 2 R. S. [7th ed.] 1249, § 150; *Davis* v. *Mayor*, 14 N. Y. 506; *Snyder* v. *Plass*, 28 N. Y. 474; *Devenpeck* v. *Lambert*, 44 Barb. 599.) Upon the proof and findings the plaintiff was entitled to maintain the action. (*Clifford* v. *Dam*, 81 N. Y. 56; *People* v. *Kerr*, 27 N. Y. 193; *Davis* v. *Mayor*,

14 N. Y. 506; *Van Brunt* v. *Ahearn,* 13 Hun, 388; *Milburn*
v. *Fowler,* 27 Hun, 568; *People* v. *Vanderbilt,* 38 Barb. 286;
*Delaney* v. *Blizzard,* 7 Hun, 7; *Crooke* v. *Anderson,* 23
Hun, 268; *Gillespie* v. *Forrest,* 18 Hun, 110; *Knox* v.
*Mayor,* 55 Barb. 404; *Greene* v. *N. Y. C. R. R. Co.,*
12 Abb. [N. C.] 124, 153; *Chipman* v. *Palmer,* 77 N.
Y. 51; *Adams* v. *Popham,* 76 N. Y. 412; *Francis* v.
*Schoellkopf,* 53 N. Y. 152; *Hardy* v. *City of Brooklyn,*
7 Abb. [N. C.] 403; *Doolittle* v. *Supervisors,* 18 N. Y.
155; *Lansing* v. *Smith,* 4 Wend. 9; *Pierce* v. *Dart,* 7
Cow. 609; *Milhau* v. *Sharp,* 27 N. Y. 611; *De Witt*
v. *Van Schoyk,* 35 Hun, 103; *Porth* v. *M. R. R. Co.,* 16
J. & S. 366; *Callanan* v. *Gilman,* 107 N. Y. 360; *Brown*
v. *Watson,* 47 Maine, 161; *Powers* v. *Irish,* 23 Mich. 429;
*Walsh* v. *Mead,* 8 Hun, 387; *Michel* v. *Bd. Suprs. County of*
*Monroe,* 39 Hun, 47; *Dennis* v. *Sipperly,* 17 Hun, 69.) This
court cannot review the facts. (*Cudahy* v. *Rhinehart,* 133 N.
Y. 248; *Kane* v. *Cortesy,* 100 N. Y. 132; *Waite* v. *A. Ins. Co.,*
13 Hun, 371; *Powell* v. *Powell,* 71 N. Y. 71; *Hart* v. *H. R. B.*
*Co.,* 80 N. Y. 622; *S. S. N. Bank* v. *Sloane,* 134 N. Y. 371.)
The defendant cannot raise the objection that the plaintiff has
an adequate remedy at law. (*Truscott* v. *King,* 6 N. Y. 147;
*Cox* v. *James,* 45 N. Y. 557; *Town of Mentz* v. *Cook,*
108 N. Y. 504; *Baron* v. *Korn,* 51 Hun, 401; 127 N.
Y. 224; *Crisfield* v. *Murdock,* 127 N. Y. 315; *Walls* v.
*Adler,* 130 N. Y. 646; *Cass* v. *Cass,* 61 Hun, 460;
Wood on Nuisance, § 801; *McKeon* v. *See,* 51 N. Y. 30;
*Gillespie* v. *Forrest,* 18 Hun, 110; *Williams* v. *N. Y. C. R.*
*R. Co.,* 16 N. Y. 97; 2 Story's Eq. Juris. [10th ed.] §§ 915,
917; Pom. Eq. Juris. §§ 183, 231, 242.)

*Alexander Neish* for respondents. The referee erred in
holding that the *locus in quo* is a highway. (2 R. S. [7th ed.]
1248, § 99; *People ex rel.* v. *Osborn,* 32 N. Y. Supp. 358, 360;
*Harriman* v. *How,* 78 Hun, 280; *Rozell* v. *Andrews,* 103 N.
Y. 150, 152; *Speir* v. *Town of New Utrecht,* 121 N. Y. 420;
*City of Cohoes* v. *D. & H. C. Co.,* 134 N. Y. 402; *Tal-*

*madge* v. *Hunting*, 29 N. Y. 452; *Hyatt* v. *Bates*, 40 N. Y. 167; *Walker* v. *Caywood*, 31 N. Y. 51–63; *Curvin* v. *R. Co.*, 78 Hun, 559; *McMillan* v. *Cronin*, 75 N. Y. 474–477; 2 Wait's Act. & Def. 685; 2 R. S. 1254, §§ 103, 105–109.) The referee erred in his conclusions of law, that the plaintiff had sustained special damage by reason of this fence. (*Callanan* v. *Gilman*, 107 N. Y. 370; *F. P. B. Co.* v. *Smith*, 30 N. Y. 44; 9 Am. & Eng. Ency. of Law, 414; *Rogers* v. *Rogers*, 14 Wend. 131; High on Inj. § 816; 1 Add. on Torts, 241; *Pierce* v. *Dart*, 7 Cow. 609; *Anderson* v. *Doty*, 33 Hun, 160; *Lansing* v. *Smith*, 8 Cow. 146; *Winterbottom* v. *Derby*, L. R. [2 Exch.] 316; *Vanderslice* v. *Newton*, 4 N. Y. 130; *Bristol* v. *Gridley*, 28 Conn. 201; *Roberts* v. *Graham*, 6 Wall. 578; 2 Greenl. on Ev. 254; 2 Wait's Act. & Def. 434; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210; *Jex* v. *Strause*, 122 N. Y. 301; *Crain* v. *Petrie*, 6 Hill, 524.) The negligence of the plaintiff not only contributed to, but was the sole cause of the damage the referee finds he sustained. (2 R. S. 1214, § 6; 2 R. S. 1216, § 16; Laws of 1869, chap. 593; *Robinson* v. *Chamberlain*, 34 N. Y. 389; *Weed* v. *Village of Ballston Spa*, 76 N. Y. 329.) The plaintiff had ample remedies outside an injunction for all the evils of which he complains, and, therefore, equity will not assist him. (*Savage* v. *Allen*, 54 N. Y. 463; *Lutes* v. *Briggs*, 64 N. Y. 404; *Coulter* v. *Murray*, 15 Abb. [N. S.] 129; *Ward* v. *Kelsey*, 14 Abb. Pr. 106; *Marks* v. *Wilson*, 11 Abb. Pr. 87; *Wheelock* v. *Noonan*, 108 N. Y. 183; *Wetmore* v. *Tracey*, 14 Wend. 250; 31 N. Y. 61.) The plaintiff having set the commissioner in motion should be confined to that remedy, so far as equitable relief was concerned, particularly when his proceedings before the commissioner secured all the relief asked for. (*Peck* v. *Goodberlett*, 109 N. Y. 189.)

O'Brien, J. The court below has reversed a judgment recovered by the plaintiff on the report of a referee. It does not appear from the order that the reversal was upon the facts, and we must, therefore, assume that it was upon some question

of law.   The action was brought to compel the defendant to remove obstructions from a public highway and for damages which it was alleged that the plaintiff had sustained in consequence of the unlawful obstruction.   It was claimed that the invasion of the highway by the defendant amounted to a public nuisance, and that the plaintiff, by reason thereof, had suffered such special and particular damage and injury as enabled him to bring and maintain the action in his own name. The facts found by the referee sustain the judgment, and the only question for this court to consider is whether any of them are without any sufficient basis in the proofs, and whether any of the exceptions taken were of such a character as to require a reversal of the judgment.

The important facts found are, first, that the defendants did place obstructions in a public highway, and, secondly, that this unlawful act resulted in damages to the plaintiff, special and peculiar to him, and not of a character common to the whole public.   It appeared that, on the 27th day of June, 1851, the commissioners of highways of the town laid out the road in question by an order, signed by two of them, in which the center line of the road, to be three rods in width, is described by courses, distances and monuments.   This order was duly recorded as required by law, and recites the fact that it was made at a meeting of all the commissioners called for that purpose, and after full deliberation and with the consent of the property owners through whose lands the road passed.   It further appeared that the road was thereafter included by the public authorities in one of the road districts of the town. The road at the point in question was laid out through a forest, and for some years afterwards it was opened and used only for the purpose of drawing loads upon sleds in the winter or the passage of sleighs.   The road as opened at the point in question did not follow the survey indicated in the order in all respects, but there were deviations therefrom.   The limited use of the place as a highway for some years thereafter was sufficient to give to it the character of a public road.   It was a place over which the public had the right to pass and repass,

and the fact that it was not sufficiently improved for some time to permit the passage of wagons or carriages upon wheels did not affect the public right. About ten years afterwards, however, the road was so opened, widened and improved that thereafter it was used and traveled by the public generally with wagons and carriages, still following the old line of the sled road as originally cut out and opened through the woods on the premises now owned by the defendant. About 1869 this road, at the point in question, was changed for a distance of ten or twelve rods through the lands now owned by the defendant, the new or substituted road being located or placed a few rods easterly of the old road. The then owner of the land, one of the defendants' grantors, consented to this change and thereupon the road was located where it now is by the public authorities and the persons then owning the defendants' farm. It must, of course, be assumed to be the same width as the original road, namely, three rods. The referee was, therefore, warranted in finding that the *locus in quo* was a public highway three rods wide. He has also found that for the past twenty-six years this highway had been included in one of the road districts of the town, and has been in charge of overseers duly appointed, and that the inhabitants, including the defendants, have been assessed for its maintenance and repair. The evidence certainly warranted these findings. It is quite true that he has also found that at the time this action was commenced the boundaries of this road as traveled, used and worked, had not been ascertained or determined by the commissioners of highways of the town. But the place was still a highway, although its exterior lines had not been marked out or delineated. The recording of the order, the opening of the road for use in winter, the act of the authorities in including it in one of the road districts, and the agreement between them and the defendants' predecessors in title changing the location and establishing the road as now used, were all acts which could be considered in determining the fact as to the existence at the place in question of a public highway. There was also evidence from

which the referee could have found that the defendants obstructed this highway, and he did find that, on several occasions prior to the commencement of this action, the defendants placed fences within a foot and a half or two feet of the wagon track, and so near to the same as to obstruct the highway and to hinder and prevent the free use of the same. That in the winter season these fences, so placed, caused the snow to drift in upon the track and fill the same, rendering it difficult and sometimes impossible to travel thereon. It was not important that the exterior lines of this road, three rods in width, had not been ascertained or designated with accuracy by the public authorities. The finding that the defendants obstructed the highway necessarily implies that the fence was placed within the limits of the road. The existence of the road as such and the obstruction of it by the defendants presented to the referee a mixed question of law and fact, and, while the proofs upon which the findings of the referee were based were open to review in the court below, it cannot be said that these conclusions were erroneous as matter of law. (*Doughty* v. *Hope*, 1 N. Y. 79; *Chapman* v. *Gates*, 54 N. Y. 132; *Downing* v. *Rugar*, 21 Wend. 178; *Matter of James*, 43 Hun, 67; *Potter* v. *Merchants' Bank*, 28 N. Y. 641; *Van Steenbergh* v. *Bigelow*, 3 Wend. 43; *Barber* v. *Winslow*, 12 Wend. 102; *Vandemark* v. *Porter*, 40 Hun, 397.)

The obstruction of a public highway is an act which in law amounts to a public nuisance, and a person who sustains a private and peculiar injury from such an act may maintain an action to abate the nuisance and to recover the special damages by him sustained. (*People* v. *Kerr*, 27 N. Y. 193; *Davis* v. *Mayor*, 14 N. Y. 506; *Adams* v. *Popham*, 76 N. Y. 410; *Chipman* v. *Palmer*, 77 N. Y. 51.) The extent of the injury is not generally considered very important. It should be substantial, of course, and not merely nominal, and the fact that numerous other persons have been injured by the act is no ground for a denial of the relief. When the damage or injury is common to the public and special to no

one, then redress must be obtained by some proceeding in behalf of the public and not by a private action. (*Francis* v. *Schoellkopf*, 53 N. Y. 152; *Doolittle* v. *Supervisors of Broome Co.*, 18 N. Y. 155; *Lansing* v. *Smith*, 4 Wend. 9; *Callanan* v. *Gilman*, 107 N. Y. 360.)

The referee found from evidence entirely sufficient that the plaintiff was obliged to use the road in the winter for the purpose of drawing logs, but on account of the obstruction he was for several days compelled to take another and much longer route, to his pecuniary damage; that at other times he was obliged to clear the road from the drifts of snow that had accumulated in consequence of the fence, which required time and labor, and that in some other respects he was put to expense in the use of the road for his lawful business, by reason of the defendants' acts. The total damage peculiar to the plaintiff the referee found upon the proofs to be $35. These findings bring the case within the principle which permits a private person to maintain an action to abate a public nuisance, and to recover the damages which he sustained and which were special and peculiar to himself, growing out of the necessity on his part to use the road at the time of the obstruction more frequently, perhaps, than his neighbors. The obstruction was, no doubt, an offense against the public, but it was none the less, in a special and peculiar sense, an injury to the plaintiff. The defendants urge that the plaintiff had an adequate remedy at law under the statute for the removal of such obstructions in public highways. Without inquiring whether this be so or not, it is quite sufficient to say that no such defense was interposed by answer or raised at the trial, and such an objection raised for the first time after judgment is not good ground for reversing a judgment. (*Lough* v. *Outerbridge*, 143 N. Y. 271.) There are some exceptions in the record taken by the defendants at and after the trial to rulings of the referee. None of them were considered in the opinion of the court below. We have examined them all, and are of opinion that none of them are sufficient to support the judgment of reversal.

For these reasons we think that the order of the General Term should be reversed and the judgment entered on the report of the referee affirmed, with costs.

All concur.

Ordered accordingly.