(32 Misc. Rep. 403.)

## VAN SICLEN et al. v. CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.   August, 1900.)

1. TRIAL—WAIVER OF DEFECTS IN COMPLAINT.
   A defendant failing to demur to a complaint for misjoinder of parties, or for improperly uniting several causes of action, cannot urge such objections for the first time on submission after trial.

2. NUISANCE—ABATEMENT AND INJUNCTION.
   Where a city leaves an excavation in a street, wholly obstructing its use for travel, an abutting landowner may cause the nuisance to be abated, and recover damages for the injury occasioned him.

3. SAME—MEASURE OF DAMAGES.
   Where a city maintains a nuisance in a street, causing an injury to an abutting landowner, the measure of damages to the latter is the depreciation in the rental value of his property occasioned by the nuisance.

Action by Abraham Van Siclen and another against the city of New York to restrain defendant from further continuing an obstruction to a highway, alleged to constitute a nuisance. Injunction granted.

Frank Harvey Field, for plaintiffs.
John Whalen, Corp. Counsel, for defendant.

GARRETSON, J.   The plaintiffs are the owners of improved lands situated upon opposite sides of a highway called "Lincoln Avenue," in the Fourth ward of the borough of Queens (formerly the town of Jamaica), upon which they respectively reside and carry on the business of market gardening.   Prior to the year 1898, and before the town became a part of the present city by the act of the legislature known as the "Greater New York Charter," the village of Jamaica had constructed a trunk sewer, as an outlet from a village sewer system, in Lincoln avenue, past the plaintiffs' properties, towards Jamaica Bay.   It appears that this trunk sewer was faulty in construction, and that in the year 1898 certain officials of the defendant city caused it to be exposed for the purpose of repair, by digging a deep trench for a distance of upwards of 500 feet in front of the plaintiffs' lands, and have ever since permitted the trench and the excavated earth lying along the side of it to remain in Lincoln avenue, wholly obstructing its use for travel with conveyances.   The plaintiffs have brought this action to restrain the city from further continuing this obstruction to the highway, upon the ground that it is a nuisance, public in its nature, but specially injurious to them, and to recover the damages which have resulted to their property rights by reason thereof.   The action is dual in its nature, possessing both equitable and common-law elements; but the defendant has answered upon the merits, and has voluntarily submitted the issues which are presented to the consideration and determination of the court sitting in equity at special term.   The defendant has also failed to demur to the complaint upon the grounds that there is a misjoinder of parties plaintiff, or that the plaintiffs' several causes of action are improperly united, and therefore cannot, upon submission after

trial, be permitted for the first time to urge either of these objections.

Since January 1, 1898, the defendant has had the entire control of and dominion over the sewer system of the former village of Jamaica, having succeeded to the duties, burdens, and obligations of the village by virtue of the charter, and must bear and be held solely responsible for such acts and omissions in respect thereto as are justly chargeable to it by law. The obstruction of the highway in front of the plaintiffs' lands amounts to a public nuisance, by reason of which they have each sustained private and peculiar injury; and they are entitled to have the aid of the court to cause the nuisance to be abated, and to recover the damages sustained by them. High, Inj. § 768; Trustees v. Cowen, 4 Paige, 510; Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341. That the maintenance of the obstruction is in violation of the plaintiffs' rights was virtually conceded by the counsel for the defendant upon the trial, and no reason has been presented in opposition to their demand that an injunction shall issue for its abatement.

The plaintiffs are also entitled to an award for such damages as the evidence shows they have sustained. Mr. Wood, in his work on Nuisances (2d Ed., p. 749), says:

"When a municipal corporation in the prosecution of a public work creates a nuisance, it is liable for all the injuries that result from a failure on its part to properly exercise the power possessed by it, and from injuries resulting from its wrongful acts."

The measure of damages is the depreciation of the rental value of the plaintiffs' property occasioned by the nuisance. It is no objection that the plaintiffs occupied the premises themselves. Sedg. Dam. (8th Ed.) § 1203; Francis v. Schoellkopf, 53 N. Y. 152; Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427. The evidence in the case both permits and requires an assessment of the damages of each plaintiff in a substantial amount. In making such assessment, I feel constrained to exclude any estimate for the alleged injury to the plaintiffs' lands from escaping sewage, because of the lack of satisfactory proof that the sources of the water supply of the plaintiffs have been injured thereby. The injunctive relief must be limited accordingly for the same reason.

Judgment is awarded in favor of the plaintiffs, that the defendant, its agents, etc., be perpetually restrained and enjoined from further maintaining the obstruction in Lincoln avenue in front of the lands of the plaintiffs; and damages are awarded against the defendant, in favor of the plaintiff Abraham Van Siclen, in the sum of $2,850, and in favor of the plaintiff James Van Siclen, in the sum of $500. Judgment accordingly.