CHARLOTTE Y. ACKERMAN, Appellant and Respondent, v. CLARENCE F. TRUE, Respondent and Appellant.

1. REAL PROPERTY — ACTION FOR ENCROACHMENT — WHEN PLAINTIFF NOT BOUND TO ELECT BETWEEN PROCEEDING FOR A NUISANCE OR CONTINUING TRESPASS. Where the allegations of the complaint are appropriate to an action to obtain such relief as the plaintiff, an abutting owner, is entitled to for an encroachment by an adjacent owner upon the public highway which specially affects the value of her property, the trial court has no power to limit or restrict her recovery or cause of action by requiring her to make an election whether she would proceed upon the theory of a nuisance or of a continuing trespass, and if the complaint states a cause of action its ruling in that respect is reversible error.

2. MEASURE OF DAMAGES. The fact that plaintiff can sell her property for more than she could before the alleged encroachment, does not authorize a finding that she has sustained no special damages therefrom and render the dismissal of the complaint upon the merits proper, where it appears that her property is worth about $15,000 less with than without the encroachment, which difference is the true measure of damages.

3. MAINTENANCE OF ACTION ALTHOUGH ENCROACHMENT IS A PUBLIC NUISANCE. The fact that the encroachment was also a public nuisance does not prevent the plaintiff from maintaining the action not only to abate it but also to recover the damages occasioned thereby.

4. ESTOPPEL NOT CREATED BY MERE SILENCE. Mere silence upon the part of the plaintiff during the construction and continuation of the encroachment, unless continued for such a length of time as would authorize the presumption of a grant, does not constitute such *laches* and acquiescence upon her part as will deprive her of the right to a mandatory injunction.

5. PERMIT ISSUED BY COMMISSIONER OF PUBLIC PARKS OF THE CITY OF NEW YORK NO JUSTIFICATION FOR ENCROACHMENT. A permit issued by a commissioner of public parks in the city of New York to the defendant does not deprive the encroachment of the character of a public or private nuisance as to the plaintiff who has suffered special damages by reason thereof. Under the former charter of the city of New York (L. 1897, ch. 378, § 49, subd. 3) neither the park board nor any member thereof had the power to grant a permit or right to extend the main wall of a permanent and substantial structure three feet and six inches into and beyond the line of the street (which was the character of this encroachment), nor has the board nor any member thereof any such power under the revised charter (L. 1901, ch. 466, § 350).

6. WHEN MANDATORY INJUNCTION IS PROPERLY GRANTED. Where there is an actual and substantial interference with the use of the street and the plaintiff has no erection upon the adjoining property extending into it, and there is a very substantial loss resulting from the encroachment, and there is no statute expressly or by a clear and unquestionable implication authorizing the encroachment, the plaintiff is entitled to relief by mandatory injunction.

*Ackerman* v. *True*, 71 App. Div. 143, reversed.

(Argued May 11, 1903; decided June 9, 1903.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1902, modifying and affirming as modified a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William J. Kelly* for plaintiff, appellant and respondent. This was not a case where the trial court was justified in compelling the plaintiff to elect whether she would proceed on the theory of a nuisance or of a continuing trespass. (*Lynch v. M. E. R. Co.*, 129 N. Y. 274; *Garvey v. L. I. R. R. Co.*, 9 App. Div. 254; 159 N. Y. 323; *Strobel v. K. S. Co.*, 164 N. Y. 305; *Stowers v. Gilbert*, 156 N. Y. 600; *Carlisle v. Cooper*, 21 N. J. Eq., 576; *Abendroth v. El. R. R. Co.*, 122 N. Y. 1; Wood on Nuisance [2d ed.], § 778; *Clowes v. Staffordshire Co.*, L. R. [8 Ch. App.] 125; *Atty.-Gen. v. Sheffield*, 19 Eng. L. & E. 648; *Roberts v. Sadler*, 104 N. Y. 234.) No power was vested in Mr. Clausen as a commissioner of parks, or in the park board, or the park department, to permit the structure complained of in the Riverside drive. (*Gusthal v. Strong*, 23 App. Div. 318; *Ghee v. N. G. L. Co.*, 158 N. Y. 514; *People ex rel. v. Newton*, 112 N. Y. 396; *Roberts v. Sadler*, 104 N. Y. 234; *Blaschko v. Wurster*, 156 N. Y. 437.) The structure erected by defendant in the public streets is unlawful and unauthorized. It is a continuation of his house out beyond the building line into the street. It is an appropriation of the public street for private purposes without warrant or color of authority. (*People v. Mayer*, 59 How. Pr. 277; *Story v. N. Y. E. R. R. Co.*, 90 N. Y. 155.) The plaintiff's easement of light, air and access is not bounded by the lines of the sides of her property. The easement operates laterally as well as in front of her lot, and secures the open and free use of the street. (*Story v. N. Y. E. R. R. Co.*, 90 N. Y. 145; *K. C. F. Ins. Co. v. Stevens*, 101 N. Y. 411; *Mahady v. B. R. R. Co.*, 91 N. Y. 153; *People v. B. F. & C. I. R. R. Co.*, 89 N. Y. 92; *Hartshorn v. Inhabitants of So. Reading*, 3 Allen, 501; Gerard on City Water Rights & Streets, 145; *White's Bank v. Nichols*, 64 N. Y. 65; *Lahr v. M. E. R. Co.*, 104 N. Y. 268.) There is no estoppel or question of *laches* in this case. (*Abendroth v. M. E. R.*

*R. Co.*, 122 N. Y. 1; *Galway* v. *M. E. R. R. Co.*, 128 N. Y. 132.)

*Henry G. Atwater, Alfred B. Cruikshank* and *J. C. Thomson* for defendant, respondent and appellant. The failure of the plaintiff to establish any special injury to her property is a complete answer to her prayer for judgment. (*Newman* v. *M. E. R. Co.*, 118 N. Y. 618; *Bohm* v. *M. E. R. Co.*, 128 N. Y. 576; *Crocker* v. *M. Ins. Co.*, 61 App. Div. 226; *Rudolph* v. *Ackerman*, 58 App. Div. 596.) The action was brought upon the theory that the erections complained of constituted a public nuisance, and not for trespass or appropriation of plaintiff's easements. (*Libmann* v. *M. Ry. Co.*, 59 Hun, 428; *Harlow* v. *Humiston*, 6 Cow. 189; *Lansing* v. *Smith*, 8 Cow. 146; *Dyget* v. *Schenck*, 23 Wend. 446; Pollock on Torts [Webb Am. ed. 1894], 487; *Bucholz* v. *N. Y., L. E. & W. R. R. Co.*, 148 N. Y. 640; *Uline* v. *N. Y. C. R. R. Co.*, 101 N. Y. 98; *Tallman* v. *M. E. R. Co.*, 121 N. Y. 119.) This erection was not a public nuisance, and even if it were such plaintiff could not, on the facts, have maintained an action to abate it. (*Griffith* v. *McCullum*, 46 Barb. 561; *Pierce* v. *Dart*, 7 Cow. 609; *Bigelow* v. *H. B. Co.*, 14 Conn. 565; Wood on Nuisances, §§ 618, 619; *Fort Plain Bridge* v. *Smith*, 30 N. Y. 44; *Adler* v. *M. El. R. Co.*, 138 N. Y. 173; *Lansing* v. *Smith*, 8 Cow. 146; *Doolittle* v. *Supervisors*, 18 N. Y. 155.) The erection is not a private nuisance, or if technically such plaintiff could not succeed in having it removed without showing special and irreparable injury. (*Meyers* v. *Gemmel*, 10 Barb. 537; *Parker* v. *Focte*, 19 Wend. 30; *Butt* v. *I. G. Co.*, 2 L. J. Ch. 158; High on Inj. § 24.) Plaintiff has not suffered any damage, special or otherwise, by reason of the erections in question. If anything she has been benefited thereby. (High on Inj. § 774; Washb. on Ease. § 497.) Plaintiff acquiesced in the encroachment complained of. (Beach on Injunctions, § 1061; High on Injunctions, § 756.) Encroachments similar to defendant's, and not interfering

with actual traffic, are not nuisances, but are to be considered as harmless, ornamental projections. (*Wormser* v. *Brown*, 149 N. Y. 163; *Goldstraw* v. *Duckworth*, L. R. [5 Q. B. D.] 275; *City of Philadelphia* v. *P. Board*, 29 Leg. Intel. 53; *Garrett* v. *Jones*, 65 Md. 260; *City of Philadelphia Appeal*, 78 Penn. St. 33; *Gray* v. *Baynard*, 5 Del. Ch. 499.) Plaintiff's argument that the authorization of these ornamental fronts would tend to impair the use of the streets is without force. (*Cronin* v. *People*, 82 N. Y. 318; *Commonwealth* v. *Plaisted*, 148 Mass. 375.) Independent of any statute the park department had undoubtedly the power to authorize these ornamental fronts. (*Wormser* v. *Brown*, 149 N. Y. 163; *Jorgensen* v. *Squires*, 144 N. Y. 280.) The permit issued to defendant by the park department and under which he acted in erecting the fronts in question was legal, regular, duly authorized and sufficient. (*Wormser* v. *Brown*, 149 N. Y. 163; *Hoey* v. *Gilroy*, 129 N. Y. 132; Dillon on Mun. Corp. § 463; *Peterson* v. *Mayor, etc.*, 17 N. Y. 449; *Moore* v. *City of Albany*, 98 N. Y. 396; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Babbage* v. *Powers*, 130 N. Y. 281; *Broadbelt* v. *Loew*, 15 App. Div. 343.)

MARTIN, J. On March 15, 1898, the defendant conveyed to the plaintiff a plot of ground on the northeast corner of Riverside drive and Eighty-second street in the city of New York, which extends along the easterly side of Riverside drive about sixty feet and along the southerly side of Eighty-second street twelve feet. At the time of this conveyance the defendant also owned the property fronting on Riverside drive adjoining the lot conveyed to the plaintiff on the northerly side and extending to Eighty-third street. The plaintiff owned a lot adjoining that conveyed to her by the defendant on which there was a house in which she resided. Subsequent to the conveyance to the plaintiff the defendant constructed a row of houses on the plot owned by him northerly of the plaintiff's lot. The house which the defendant built upon the lot adjoining the plaintiff's was extended three feet and six

inches beyond the easterly line of the street, and had in addition what is known as a swell front or bay window also extending into Riverside drive.    The plaintiff claims that so much of the house built by the defendant adjoining her property as extends beyond the line of Riverside drive and into that street is an unlawful invasion or trespass upon her rights, and is a public nuisance from which she has suffered special damages to a large amount by the diminution of the value of her property.    This action was to compel the defendant to remove that portion of the building and to pay the plaintiff damages for the injury sustained by her by reason of such encroachment and invasion of her rights.

In the complaint, after describing the situation, it was alleged that the defendant had commenced and was erecting in Riverside drive, which was a public highway of the city of New York, and adjoining her property, a solid brick and stone wall, four stories in height, and extending into that street about four feet and about thirty-two feet in width; and that this unlawful structure injures her property, obstructs her view, interferes with her easements of light, air and access appurtenant thereto, and otherwise injures her property to the amount of ten thousand dollars.    It is further alleged that the defendant's building is a violation of the provisions of the charter of the city of New York; that it constitutes a nuisance, and is an infringement upon and violation of the plaintiff's rights which will cause her irreparable damage unless the same is removed, for which she has no adequate remedy at law.    In her demand for relief she asks for a decree adjudging the defendant's building to be an unlawful obstruction of the public highway and an unlawful interference with her easements of light, air and access; that the same be forthwith taken down and removed, and that the defendant be perpetually enjoined from reconstructing the same.    An injunction *pendente lite* was also asked for and a judgment for ten thousand dollars damages was demanded.

At the commencement of the trial the defendant moved that the plaintiff be compelled to elect whether she would

proceed upon the theory of a nuisance or of a continuing trespass. The court required the plaintiff to make that election, and to that determination she duly excepted. Under this decision the plaintiff elected to proceed as for a nuisance, and when asked what relief she expected to obtain replied that the nuisance be abated.

The first question presented is whether, under the plaintiff's complaint, the court was justified in compelling her to elect whether she would proceed upon the theory of a trespass or as for a nuisance. It will be seen from the allegations of the complaint that they were appropriate to an action to obtain such relief as the plaintiff was entitled to for an encroachment upon the public highway which specially affected the value of her property. This was the sole cause of action alleged, and all the relief to which the plaintiff was entitled arising out of the transaction which was the subject of the action might, under the Code, be obtained in one suit, especially as there was no dispute between the parties as to the method of trial. (*Corning* v. *Troy Iron & Nail Factory*, 40 N. Y. 191, 207; *Davis* v. *Morris*, 36 N. Y. 569; *Colman* v. *Dixon*, 50 N. Y. 572.) Therefore, we are of the opinion that the court possessed no authority to compel the plaintiff to limit or restrict her recovery or cause of action by requiring her to make any such election, and that that ruling by the court constituted an error for which the judgment should be reversed, provided the plaintiff's complaint stated a cause of action upon the establishment of which she would be entitled to recover.

The defendant, however, insists that inasmuch as the trial court found that the plaintiff has sustained no special damages by reason of the alleged encroachment, the complaint was properly dismissed upon the merits. The difficulty with this finding is that there was no evidence to sustain it, and as the affirmance by the Appellate Division was not unanimous, that question must be considered upon this appeal. The proof showed quite conclusively that the erection and maintenance of this encroachment upon the street affected the value of the

plaintiff's property, and that it was worth about fifteen thousand dollars less than it would be if the defendant's wall did not project into the street. The only theory upon which the court found, or which is insisted upon by the defendant as tending to show that the plaintiff sustained no damages, is the fact that her property is now worth more than it was before the wall was erected. It is not claimed that the extension of the wall into the street has improved the value of the plaintiff's property, but the claim is that inasmuch as she can now sell her property for an amount exceeding the price which she paid, she has suffered no damages. The logic of this contention is not apparent. If she made a fortunate purchase, or if it has become so by the improvement of that neighborhood, she is certainly entitled to the benefit of any advance in the value of the property so purchased. In ascertaining the damages she has sustained, the true rule is to prove the value of the property with the defendant's encroachment, and its value with that encroachment removed and the difference is the measure of her loss. That difference was proved to be fifteen thousand dollars. Under these circumstances, it is difficult, indeed quite impossible, to see how it can be properly said that the plaintiff has suffered no special damages. We are of the opinion that the trial court was not justified, upon the evidence in the record, in finding that the plaintiff has sustained no special damages by reason of the encroachment.

In the further consideration of this case it will be assumed that the plaintiff has established the fact that she has sustained special damages by reason of the defendant's encroachment upon the street amounting to about the sum of fifteen thousand dollars, and that these damages are peculiar to the plaintiff and in addition to those which were suffered by the general public. It is well established by the decisions of this court that interferences with public and common rights create a public nuisance, and when accompanied with special damage to the owner of lands give also a right of private action to such owner, and that a public nuisance as to the person who is specially injured thereby in the enjoyment or value of his

lands becomes also a private nuisance. That this encroach-
ment upon the street was a public nuisance and that as to the
plaintiff it was a private nuisance, we have no doubt. In the
language of Blackstone, a private nuisance is "anything done
to the hurt and annoyance of the lands, tenements or heredita-
ments of another," which embraces not a mere physical injury
to the realty, but an injury to the owner or possessor as respects
his dealing with, possessing or enjoying it, and that one erect-
ing or maintaining such a nuisance is liable in an action at
the suit of another who has sustained such special damages,
and he may be restrained in equity from continuing the nuis-
ance. (*Adams* v. *Popham*, 76 N. Y. 410; *Francis* v. *Schoell-
kopf*, 53 N. Y. 152; *Kavanagh* v. *Barber*, 131 N. Y. 211,
213; *Wakeman* v. *Wilbur*, 147 N. Y. 657, 663.) In the case
last cited Judge O'BRIEN said: "The obstruction of the public
highway is an act which in law amounts to a public nuisance,
and a person who sustains a private and peculiar injury from
such an act may maintain an action to abate the nuisance and
to recover the special damages by him sustained" (citing *Peo-
ple* v. *Kerr*, 27 N. Y. 193; *Davis* v. *Mayor, etc., of N. Y.*, 14
N. Y. 506; *Adams* v. *Popham*, 76 N. Y. 410; *Chipman* v.
*Palmer*, 77 N. Y. 51), and he then adds: "The extent of the
injury is not generally considered very important. It should
be substantial, of course, and not merely nominal, and the fact
that numerous other persons have been injured by the act is no
ground for a denial of the relief."

Under the principle of these authorities it becomes obvious,
we think, that the plaintiff was entitled to maintain this
action not only for the purpose of abating the nuisance, but
also to recover any damages she might have sustained by
reason of the wrongful acts of the defendant in constructing
and maintaining this encroachment upon the street.

It is further contended by the defendant that the plaintiff
was not entitled to a mandatory injunction to remove the
encroachment, and that it was properly refused on account of
*laches* and acquiescence on her part. The only proof bearing
upon this question is that the plaintiff's husband knew of the

plans in conformity with which the defendant's house was erected, was aware of the fact that certain permits were obtained consenting to the erection of bay windows beyond the street line, and that he made no objection until after the houses were partially or entirely completed. In *Campbell* v. *Seaman* (63 N. Y. 568) this court held that no acquiescence short of twenty years will bar one from complaining of a nuisance, unless, by some act or omission, he has induced the party to take some action upon which an estoppel may be based, and that if a party may acquire a prescriptive right to continue a nuisance, it can only be by continuous use for twenty consecutive years. In *Galway* v. *M. E. R. Co.* (128 N. Y. 132, 153) ten years had elapsed since the erection of the defendant's structure in front of the plaintiff's premises, and the court there said: "The doctrine of acquiescence as a defense to an equity action has been generally limited here to those of an equitable nature exclusively, or to cases where the legal right has expired, or the party has lost his right of property by prescription or adverse possession. Whatever may be the rule in other states, it can be said that here no period of inaction merely has been held sufficient to justify a nuisance or trespass, unless it has continued for such a length of time as will authorize the presumption of a grant. The principle that so long as the legal right exists the owner is entitled to maintain his action in equity to restrain violations of this right, has been uniformly applied in this court." The principle of these cases renders it apparent that there has been no such acquiescence on the part of the plaintiff as will justify the court in refusing to grant her the relief sought, unless she has been guilty of some act or conduct which would amount to an estoppel *in pais.* As we have already seen, the plaintiff's husband knew of the plans in conformity with which the defendant's house was erected, was aware of the fact that certain permits were obtained consenting to the erection of bay windows beyond the street line, and that he made no objection until after the houses were partially or entirely completed. "To establish an estoppel *in pais* it must be shown:

1st. That the person sought to be estopped has made an admission or done an act, with the intention of influencing the conduct of another, or that he had reason to believe would influence his conduct, inconsistent with the evidence he proposed to give, or with the title he proposes to set up. 2d. That the other party has acted upon or been influenced by such act or declaration. 3d. That the party will be prejudiced by allowing the truth of the admission to be disproved." (*Brown* v. *Bowen*, 30 N. Y. 519, 541.) In *N. Y. Rubber Co.* v. *Rothery* (107 N. Y. 310) it was held that to constitute an estoppel there must have been some act or admission by the party sought to be estopped, inconsistent with a claim he now makes, and done with the intention of influencing the conduct of another, which he had reason to believe would, and which did, in fact have that effect, and that silence will not estop unless there is not only a right but a duty to speak. These cases were cited with approval in *Gearty* v. *Mayor etc., of N. Y.* (171 N. Y. 61, 72). As it is obvious that the plaintiff, at most, was merely silent while the defendant erected his building upon the street, she was not, under the doctrine of the cases cited, estopped from asserting her right to have the erection of the defendant adjudged a nuisance, to insist upon its removal, and to recover her damages therefor.

The only remaining question that need be considered is whether the permit issued to the defendant by one of the commissioners of parks was legal and sufficient to justify him in erecting and maintaining the building in question upon a portion of the street, so that it constituted neither a public nor a private nuisance as to the plaintiff who suffered special damages by reason thereof. We think it was not. We have been referred to various statutes relating to this subject, upon which the defendant relies to sustain that contention, and from which he urges that the commissioners of parks are invested with power to permit such encroachments and erections as they shall see fit upon certain streets, of which Riverside drive is one. These statutes we have carefully examined without finding any such authority conferred upon

the park board, or upon any member thereof, as would justify their granting to the owners of property abutting upon the line of such a street a permit or right to extend the main wall of a permanent and substantial structure three feet and six inches into and beyond the line of the street. If they possess any such power, it is unlimited, and they may authorize an extension into the streets a much greater distance, and the purpose for which such streets were laid out may be greatly impaired or entirely defeated. Any such construction of that statute would result in practically annulling that portion of the charter of Greater New York which provides that streets and other public places in the city shall be inalienable. (§ 71.) Although it is true that the title of the streets in the city of New York is in the municipality, that title is held by it in trust for public use, and not even the municipal assembly has authority to permit permanent encroachments thereon. While that body may, by ordinance, regulate the use of streets, highways, roads, public places and sidewalks, and prevent encroachments upon and obstructions to the same, the charter expressly provides that " they shall have no power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof, during the erection or repairing of a building on a lot opposite the same." (Ch. 378, L. 1897, § 49, subdiv. 3.)

But it is contended by the defendant that under the revised charter of 1901, which, however, was not in force when the permit to the defendant was issued, each commissioner has power to authorize and regulate the projections and determine the lines of curb and other surface constructions of all streets and avenues lying within any park, square or public place in his jurisdiction, or within a distance of three hundred and fifty feet from the outer boundaries thereof, and that by that statute the commissioner was authorized to grant the permit issued to the defendant herein. When, however, that provision is considered in connection with the other provisions of the charter relating to the inalienability of the streets, and

depriving even the municipal assembly of any power to authorize the erection or continuance of any encroachment upon the streets, it becomes quite manifest, we think, that the legislature did not intend thereby to confer upon a member of the park board the right to permit an abutting owner upon any of the streets of the city, whether within any park or outside, to encroach upon the street by the erection of permanent and substantial structures thereon.

Moreover, if that statute were to be thus construed, its constitutionality would be at least doubtful, for even the legislature cannot authorize the condemnation of private property for other than public uses. The effect of a construction which would permit the park board or any of its members to sell or give the right to obstruct the streets or highways therein, could not be otherwise than detrimental to and destructive of the interests of the municipality and its inhabitants.

The defendant, however, claims that the courts have established a principle which, if it does not justify his encroachment upon the street, prevents the plaintiff from maintaining an action to restrain or require the removal thereof. Although it must be admitted that the courts have gone very far and to the limit to which that principle should be carried by declining to require parties, who have made temporary erections which encroached upon the streets, to remove them, where no damage or injury was sustained by the party invoking the aid of the court, yet, even that principle ought not to be extended, especially to a case like this, where the defendant has erected the main wall of his house upon a portion of the street. It is, doubtless, true that *Wormser* v. *Brown* (149 N. Y. 163) has carried that doctrine to its extreme limit. But that case was sustained upon the ground that there was no practical interference with the use of the street, arising chiefly from the fact that upon the plaintiff's adjoining property there was an erection which extended into the street a greater distance, that there was no finding or proof of any pecuniary damage

or material injury by reason of such erection, and that the discretion of the trial court in denying relief by injunction would not be disturbed in the absence of any proof or finding of substantial damage. Even the doctrine of that case is insufficient to sustain the judgment in the case at bar. The two cases are clearly and plainly distinguishable. In this case there was an actual and substantial interference with the use of the street, and the plaintiff had no erection upon the adjoining property which extended into it. In that case there was no finding or proof of any pecuniary damage or material injury by reason of such erection; in this the proof disclosed that the erection of the defendant occasioned a loss by the diminution of the value of the plaintiff's property amounting to nearly .fifteen thousand dollars, so that in the case at bar there was proof of substantial damages, while none existed in the *Wormser* case. The principle upon which the courts have acted in refusing to award relief by mandatory injunction in the cases relied upon by the defendant is, perhaps, that stated in *Bacon* v. *Boston* (154 Mass. 100), where it is said that the legislature may authorize small nuisances without compensation, but not great ones. But, be that as it may, we think it quite clear that the nuisance in the case at bar does not fall within the classification of a small nuisance. Moreover, there is another principle applicable to the construction of the provisions of the statute relied upon by the defendant, which is, that to justify an act which would constitute a nuisance, without making compensation therefor to those who are specially injured and without their consent, the statute must be express or the right to permit such act given by a clear and unquestionable implication from the powers expressly conferred, so that.it can be fairly said that the legislature contemplated the doing of the very act which occasioned the injury, and it may not be presumed from a general grant of authority. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10; *D., L. & W. R. R. Co. v. City of Buffalo*, 158 N. Y. 266, 268; *S. C.*, Id. 478.) When this rule is applied to the construction of the provision of the

charter invoked by the defendant, and when that provision is considered in the light of the other provisions of the same act, it seems quite clear not only that the legislature has not in express terms or by clear and unquestionable implication authorized the park board to permit the acts complained of by the plaintiff, but also that that provision should not be construed as conferring upon it or upon a commissioner of parks the authority to transfer the permanent use of the streets or any portion thereof to the erection of dwelling houses or other permanent structures.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Parker, Ch. J., Bartlett, Haight, Vann, Cullen and Werner, JJ., concur.

Judgment reversed, etc.