## LEVY v. MURRAY.

(Supreme Court, Special Term, New York County. November 25, 1907.)

NUISANCE—OBSTRUCTION OF SIDEWALK—INJUNCTION.

The occupation of a part of a sidewalk, used by passers-by and those seeking entrance to plaintiff's premises, with a structure of iron work and glass to obtain access to the basement of the building, is a private nuisance, which plaintiff may enjoin, and as to which he may recover his special damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, §§ 1–26, 64–66.]

Action by H. Howard Levy against John L. Murray to declare a structure to be an unlawful obstruction of the public highway and to abate the same. Decree for plaintiff.

Hoadley, Lauterbach & Johnson (Henry L. Scheuerman, of counsel), for plaintiff.

St. John & Talley (John J. Delany, of counsel), for defendant.

NEWBURGER, J. The plaintiff is a tenant on the third story of the building on the northwest corner of Thirty-Fourth street and Broadway, in this city. His tenancy commenced on March 8, 1905, under a lease for a term of five years, at a rental varied from $2,500 to $3,000. At the commencement of the tenancy the sidewalk along the building upon Thirty-Fourth street side was absolutely unincumbered. Subsequently the defendant leased the basement and a room on the ground floor adjoining the entrance to the building. The defendant, in order to obtain access to the basement, erected upon the sidewalk a structure of iron work and glass. This structure stood out from the side wall of the building about six feet and up to within about five feet of the doorway leading to the building, and was completed some time in September, 1905. The space thus occupied by the defendant constituted a part of the sidewalk to be used by passers-by and those seeking entrance to plaintiff's premises. In October, 1906, this action was brought to declare the structure to be an unlawful obstruction to the public highway and that the same be removed. The defendant admits the erection of the structure complained of, but contends that the plaintiff acquiesced in the construction, and therefore is estopped.

Mr. Justice Earl, in Callanan v. Gilman, 107 N. Y. 365, 14 N. E. 264, 1 Am. St. Rep. 831, says:

"The primary purpose of streets is use by the public for travel and transportation, and the general rule is that any obstruction of a street or encroachment thereon which interferes with such use is a public nuisance. * * * It is not sufficient, however, that the obstructions are necessary with reference to the business of him who erects and maintains them."

In Ackerman v. True, 175 N. Y. 353, 67 N. E. 629, it was held:

"It is well established by the decisions of this court that interference with public and common rights create a public nuisance, and, when accompanied with special damage to the owner of lands, give also a right of private action

106 N.Y.S.—44

to such owner, and that a public nuisance, as to the person who is specially injured thereby in the enjoyment or value of his lands, also becomes a private nuisance."

In Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341, Judge O'Brien said:

"The obstruction of a public highway is an act which in law amounts to a public nuisance, and a person who sustains a private and peculiar injury from such an act may maintain an action to abate the nuisance and to recover the special damages by him sustained. The extent of the injury is not generally considered very important."

In McMillan v. Klaw & Erlanger Co., 107 App. Div. 414, 95 N. Y. Supp. 365, which was an action by an adjoining owner to restrain the defendant from erecting as a part of its building thereon a structure extending into the street four feet beyond the building line, the defendant set up as a defense an ordinance passed by the board of aldermen, which ordinance, it is claimed, sanctioned and legalized the structure complained of. Mr. Justice O'Brien, in delivering the opinion, after referring to the opinion of the Court of Appeals, in Ackerman v. True, supra, says:

"While the title of the streets is in the municipality, that title is held in trust by it for public use, and not even the municipal assembly has authority to permit permanent encroachment thereon."

He further says, in his opinion:

"Referring again to the particular encroachment here involved, we repeat that it imposes a new, unusual, and additional burden upon the street and diminishes the plaintiff's easements without compensation."

But, it is contended by the defendant herein that the plaintiff is estopped, in having acquiesced in the construction. The proof offered is not of such a character as would warrant my finding either a parol license or an acquiescence on the part of the plaintiff in the erection of the structure complained of. The evidence offered by the plaintiff to establish his monetary loss was rejected by me, but since the trial my attention has been called to the case of Reisert v. City of New York, 174 N. Y. 196, 66 N. E. 731, which was not cited upon the trial. In view of the opinion of the court in that case, I am convinced that I erred in the exclusion of the testimony, and therefore the question of plaintiff's damage may be referred to a referee to ascertain the same.

Let a decree be entered restraining the continuance of the structure and the restoration of the sidewalk to its proper uses, with the provision for a reference as to the damages. Submit decree and findings upon notice.