## COUNTY COURT—KINGS COUNTY,

### November, 1912.

## THE PEOPLE v. THE KINGS COUNTY IRON FOUNDRY.

#### (78 Misc. 191.)

INDICTMENT*—PUBLIC NUISANCE—DEMURRER—CODE CRIM. PRO., § 275.

The caption " County Court of the County of Kings," makes the allegation of an indictment as to the *locus* sufficiently clear to confer jurisdiction, and the inadvertent striking therefrom of " at the Borough of Brooklyn of the city of New York in the County of Kings " in the printed form does not render the indictment demurrable on the ground that the grand jury had no authority to inquire into the crime charged as not being within the legal jurisdiction of Kings county.

Where there is no allegation in an indictment for maintaining a public nuisance that the acts described therein either annoy, injure, or endanger the comfort, health or safety of any " considerable number of people," the indictment is demurrable as not substantially conforming to the requirements of section 275 of the Code of Criminal Procedure.

DEMURRER to indictment.

*James C. Cropsey,* district attorney, for People.

*Guggenheimer, Untermeyer & Marshall (Louis Marshall,* of counsel), for defendant.

DIKE, J.:

The grand jury of the county of Kings, by an indictment filed on the 29th day of December, 1911, accuse the Kings County Iron Foundry of the crime of maintaining a public

---

* See notes 6-374, 10-558, 11-376, 14-174, 22-454, 24-169.

nuisance.    The defendant has interposed a demurrer urging upon the court three grounds of error.    First, upon the ground that it appears upon the face of the indictment that the grand jury by which it was found had no legal authority to inquire into the crime charged by reason of its not being within the legal jurisdiction of the county.    Second, upon the ground that this indictment does not conform substantially to the requirements of section 275 of the Code of Criminal Procedure in that it does not contain a plain and concise statement of the act constituting the crime.    Third, on the ground that the facts stated in the indictment do not constitute a crime.

It seems to me there is no merit in the first point urged upon the court.    The inaccuracy in the indictment, if I might so phrase it, arises from the inadvertent striking out upon the printed form of the phrase " at the Borough of Brooklyn of the city of New York in the county of Kings."    There can be, however, no doubt as to the county, the caption of the indictment reading, " County Court of the county of Kings."    This I held to be such a part of the indictment as to make the allegation as to the locus sufficiently clear to confer jurisdiction.

As to the second point, namely, as to maintaining the public nuisance, I am inclined to believe that the objection to the indictment is well taken.    There is no allegation to show that the acts described either annoy, injure or endanger the comfort, health or safety of any " considerable number of people."    It seems to me that the pleader should have clearly made use of this phraseology: "Any considerable number of persons " under the circumstances surrounding such a charge as is here made. Public, not private, rights are involved in this case.    The questions and conditions that would be pertinent in an investigation necessary to enjoin, suppress, or secure damages for the maintenance of a private nuisance do not enter here.    A nuisance is public when it " affects the rights enjoyed by citizens as part of the public; as the right of navigating a river, or traveling on

20

a public highway; rights to which every citizen is entitled." In the case of People v. Transit Development Co., 131 App. Div. 174, Miller, J. (at p. 179) quotes from the case of Ackerman v. True, 175 N. Y. 353, 360, as follows: " It is well established by the decisions of this court that interferences with public and common rights create a public nuisance," and then goes on to say: " It is elementary that a private person cannot prosecute a suit for a public nuisance; though he may suffer injury, it is common to the public and can only be redressed by the State, either-by indictment or by a suit to abate the nuisance. Though, where an individual suffers peculiar or special damage, not common to the public, the nuisance is as to him private, and he may have his action for damages, or, in a proper case, may invoke the equity power of the court. (See Doolittle v. Supervisors of Broome Co., 18 N. Y. 155, 160; Kavanagh v. Barber, 131 id. 211, 213.) "

While the discomfort and the annoyance arising from the defendant's conduct of its business are undeniable, I am forced to the conclusion that the indictment is defective; the second objection to the indictment is well founded and the demurrer is, therefore, sustained.

Demurrer sustained.