(52 Misc. Rep. 224.)

## CLOSE et al. v. WITBECK.

(Supreme Court, Special Term, Schenectady County. December, 1906.)

NUISANCE—ABATEMENT—SPECIAL INJURY.

Where an owner of a business building erects a front which extends 12 inches into the street, constituting an encroachment thereon, without permission from the city, and the owners of another business building on the same side of the street, but 26 feet distant, bring an action to require the removal of such encroachment, and it is in evidence that the projecting front renders plaintiff's building worth about $2,000 less than without it, as such projecting front produces a substantial injury to plaintiffs and is both a public and a private nuisance, they are entitled to a mandatory injunction for the removal thereof and to the damages sustained thereby.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, §§ 164–169.]

Action by George H. Close and others against Clark Witbeck. Judgment for plaintiffs.

A. J. Dillingham, for plaintiffs.
Daniel Naylon, Jr., and Edward C. Whitmyer, for defendant.

VAN KIRK, J. This action is brought by the plaintiffs to require the defendant to remove a certain structure on the south side of State street in the city of Schenectady, so far as it is an obstruction to the said street, to restrain the defendant from reconstructing the same so that it will be an obstruction to the street, and to recover the special damages suffered by the plaintiffs because of such obstruction.

The plaintiffs are the owners in fee simple of lands known as "Nos. 422 and 424 State street," in the city of Schenectady, being a lot about 27 feet wide along the street and 105 feet deep on the south side of the street. The defendant is the owner of lands to the west on the same side of the street, known as "Nos. 416 and 418 State street," which lot is 26 feet wide along the street and 105 feet and 6 inches deep. The defendant removed the building then on his premises and constructed a new building, the ground floor or first story of which extends beyond the building line about 12 inches. This front is made of an iron or steel frame with large plate-glass windows and a door in the center. Between the plaintiffs' premises and the defendant's

premises is a lot about 26 feet wide, upon which is a building now occupied as a ticket office and waiting room by the Schenectady Railway Company, which premises are owned or leased by the defendant.

The evidence does not show how or when State street was laid out as a public highway, but it has been used for many years as such, and is the principal business street of the city of Schenectady. Along the south side of this street the front walls of the buildings are constructed practically upon a line which has been recognized as the building line. This building line accords with the front wall of the buildings owned by the plaintiffs and by the defendant. There are steps or approaches to buildings extending beyond this building line and also bay windows and other ornaments of buildings above the first story which extend beyond this building line. The front of the defendant's building, covering the first story, extends beyond this building line 12 inches. It is this projected front of which the plaintiffs complain. No survey of State street or definite proof as to its actual width appears in the evidence, except by a map and survey, which shows the distances between the front lines of the buildings on the south and north sides of the street, the distances between which two building lines at different parts of the street vary a few inches; the building line or fronts of the buildings on the north side of the street being more irregular than those on the south side. The evidence also shows that, at the rear of the lots owned by the plaintiffs and the defendant, is an alleyway or lane 14 feet in width, and that the north side of this alleyway is practically a straight line, and the rear of the buildings belonging to the plaintiffs and the defendant are upon this line. The deeds give the depth of the lots, showing that the lots are from 105 feet to 105 feet and 6 inches deep. The buildings erected upon these lots are practically of the same depth as the lots as described in the deeds, and the side lines run to State street; the lots being bounded on the north by State street. This evidence being undisputed, and there being no evidence in the case from which the court can draw a different conclusion, I find that the building line or main fronts of the plaintiffs' and the defendant's buildings are upon the southerly line of State street, and the projected front, to the height of the first story, of plaintiffs' building, is an encroachment upon the street. This projection is not of the kind or character which should be denominated a bay window. It rests directly upon the pavement, and is a permanent part of the building.

Before the erection of this front the defendant filed his plans for the building with the city authorities, and a resolution was offered before the common council granting permission to build a glass front or projection of the building 18 inches beyond the building line in front of the defendant's building about to be erected. An objection was made and the matter was thereupon referred to the committee on laws and ordinances. A written protest against the passing of the aforesaid resolution, signed by several parties claiming to be property owners along the south side of State street in the neighborhood of the premises in question, was then filed. The aforesaid committee reported against the passage of the resolution, and it does not appear in the evidence that the resolution was ever adopted by the common council. The

plans presented by the defendant show that the glass front projects beyond the building line 12 inches. The defendant does not claim in his brief, nor do I recall that he claimed upon the trial, that he had received permission from the common council or other city authorities to construct the proposed glass front according to his plans.

The present charter of the city of Schenectady was granted May 6, 1903. Upon that date there was in force in the city of Schenectady an ordinance, amended from time to time, which, at the time in question in this action, provides as follows:

"Sec. 8. No stoop, step, porch or cellar door shall project into or occupy more than one-third the width of the sidewalk from the building line, nor shall any sign, show, bow-, or bay-window project more than twenty-four inches beyond the said building line, and no bay-window, bow-window steel front or Boston front shall hereafter be constructed or erected over or beyond the building line from or upon the first story, exclusive of basement, of any building within this city."

The charter of the city of Schenectady (section 36, subd. 4) gives to the common council power "to regulate or prevent the incumbering of the streets or public grounds with any material whatever or any encroachment or projection in, over or upon any of the streets or public grounds or any excavations immediately adjacent thereto."

And section 37 provides:

"The common council shall adopt ordinances regulating and prescribing plans and methods for the erection and repair of buildings within said city or any district or districts thereof which the common council shall establish. Such ordinances and all amendments and modifications thereof shall be known as the 'Building Code of the city of Schenectady,' and shall not take effect until at least thirty days after their adoption. * * * When such office is established, the common council may require all plans and specifications for the construction or repair of buildings, within the district or districts established by it, to be filed in the office of such inspector and approved by him before such buildings are erected or repaired and he shall have such other powers and duties as are prescribed by the common council."

The common council adopted a building code August 23, 1904, in part as follows:

"Sec. 5. No building shall be erected in the city of Schenectady so that any portion of such building below the second story projects over or encroaches on the street line, except that door-steps may occupy not over one-third of the sidewalk as determined by ordinance or by the curb stone at the time said building was erected, not however to exceed three feet; such occupation to be considered as had under a revocable license as to any street or part of a street. No bay-window, or other portion of a building above the first story, shall project into the street more than two feet beyond the street line.

"Sec. 6. No building or structure shall be erected, altered or added to or moved without a permit granted by the inspector of buildings, if any. Application for such permit shall be made in writing and shall state the name of the owner, the location of the property as well as the estimated cost of the plans and specifications of the proposed structure. * * * After granting a permit as above, it shall be the duty of the city engineer to determine the street line for the applicant without additional charge, if the building is to be erected on or within three feet of the street line. The amount of the fee to be deposited with the city treasurer shall be one dollar, except that, should the applicant desire the street line determined on any street that is not graded, the amount of the deposit shall be the actual cost to the city as previously estimated by the city engineer, not to exceed $10."

. So far as the evidence shows, no resolution was passed by the common council of the city of Schenectady, and no action was taken by any public official of the city of Schenectady other than as above stated. While it appears that the defendant filed its plans for its building with the city authorities, it does not appear that any city official ever took any action upon said plans. And, so far as I am informed, there are no other provisions of the charter or ordinances of the city of Schenectady than those above quoted bearing upon the question at issue. No special ordinance or permission to construct the aforesaid encroachment over State street authorized the defendant to construct the same.

The questions, therefore, presented are: First, is the projected front of the defendant's building a substantial encroachment upon the public street? and second, can the plaintiff, who alone complains, require the removal of the same? In Ackerman v. True, 175 N. Y. 353, 67 N. E. 629, the Court of Appeals has discussed the question at issue in this case at considerable length. The court there held that the fact that an encroachment upon a street was also a public nuisance does not prevent the plaintiff from maintaining the action, not only to abate the nuisance, but also to recover the damages occasioned thereby. Mere silence upon the part of the plaintiff during the construction and continuance of the encroachment, unless continued for such length of time as would authorize the presumption of a grant, does not constitute such laches and acquiescence upon the plaintiffs' part as will deprive them of the right to a mandatory injunction. Where there is an actual and substantial interference with the use of the street, and the plaintiffs have no erection upon the adjoining property extending into it, and there is a very substantial loss to the plaintiffs resulting from the encroachment, and there is no statute expressly or by a clear unquestionable implication authorizing the encroachment, the plaintiffs are entitled to relief by mandatory injunction. In the Ackerman Case the plaintiff and the defendant owned premises on the Riverside Drive, in the city of New York. The defendant built a house extending three feet and six inches beyond the street line and having a swell front or bay window in addition extending into Riverside Drive. The plaintiff alleged that this unlawful structure injures her property, obstructs her view, interferes with her easements of light, air, and access appurtenant thereto, and otherwise injures her property to the amount of $10,000. The Court of Appeals held, reversing the lower courts, that the proof in the case showed that the erection and maintenance of the encroachment affected the value of the plaintiff's property to the extent of $15,000; and the court held, in estimating the damages, the true rule is to prove the value of the property with the defendant's encroachment, and its value with that encroachment removed, and the difference is the measure of her loss. Page 360, 175 N. Y., and page 630, 67 N. E.

The same rule of damages was applied in this case at bar. The plaintiffs' evidence does not show to the satisfaction of the court that this projected front of the defendant's building occasions substantial damage to the plaintiffs in the way of interfering with the easements of light, air, or approach to the building. The nearest point of this projected front is 26 feet from the westerly corner of the plaintiffs' building; and it can hardly be said that so much of the obstruction would

interfere with the access of light or air or with the display of goods
to be made in the front windows of the plaintiffs' building. But the
plaintiffs' witnesses have testified that the plaintiffs' building is worth
at the time of the trial from $1,000 to $2,000 less with this projected
front on the defendant's building than with the projected front re-
moved. There are other elements of damage than those above men-
tioned. The evidence shows that the buildings occupied by the plain-
tiffs and the adjoining owners to the west are used for mercantile and
business purposes. It can hardly be said that the defendant would have
constructed the projecting front except that it would make his building
more attractive for lessees for the business purpose to which it is
appropriate. Such attractiveness and advantage would add to the
rental of his premises, as compared with the rental value of the
premises belonging to the plaintiffs; and the estimate of the witnesses
that the value of the plaintiffs' premises was less after the projected
front had been constructed by the defendant than it would be if that
projecting front was removed was justified.

The provisions of the charter and the ordinances of the city of
Schenectady forbid such an encroachment upon a street; and no city
officer, without the authority of a city ordinance, would be permitted
to grant a permit in violation of the charter and of the ordinances,
which permit would make that which otherwise would be a public and
private nuisance anything else than a public and private nuisance. See
Ackerman v. True, supra. The projecting front was, therefore, a
public nuisance, and as to the plaintiffs it was a private nuisance. The
obstruction of a public highway is an act which in law amounts to a
public nuisance, and a person who sustains a private and peculiar
injury from such an act may maintain an action to abate the nuisance
and to recover the special damages by him sustained. Wakeman v.
Wilbur, 147 N. Y. 663, 42 N. E. 341.

The extent of the injury is not generally considered very important.
It should be substantial, of course, and not merely nominal, and the
fact that numerous other persons have been injured by the act is not
ground for a denial of the relief. Wakeman v. Wilbur, supra. I have
examined with a good deal of interest the case of Sautter v. Utica City
National Bank, 45 Misc. Rep. 15, 90 N. Y. Supp. 838. That case is
distinguished from this case by two very important elements: The
first is that the construction there complained of was specifically
authorized by provision of the city charter, which permitted the use
of sidewalks for business purposes which do not interfere with the
public use, and allowed the erection of columns, pilasters, and orna-
mental portions of any building to encroach upon any street; and the
common council of the city had adopted a resolution permitting the de-
fendant to construct its building as it did construct it. And the sec-
ond is that the plaintiff had suffered no damage by reason of the con-
struction and maintenance of the defendant's building. The opinion
in the Sautter Case seems well considered, but is not in conflict in any
respect with the holding in the Ackerman Case. If the charter of the
city of Schenectady permitted encroachments upon the street by means
of projections from the first story, upon resolution of the common coun-
cil, and the common council had authorized the construction of this pro-

jecting front in question, such authorization would have justified the defendant in erecting his building, and the projecting front would not be a public nuisance. There are no ornaments, projections, or permanent structures connected with the plaintiffs' premises of such a character as to deprive them of the right to maintain this action.

The plaintiffs, therefore, are entitled to a judgment that the said projected front is a public and private nuisance; that the plaintiffs have suffered, by reason of the construction and maintenance of such projected front, damages in the sum of $———; and that the defendant must remove said projected front and be restrained from constructing the same beyond the street line.

Ordered accordingly